■ MADELINE ROSENBERG, Respondent, v RICHARD E. ROSENBERG, Appellant. [626 NYS2d 505] —In an action for a divorce

and ancillary relief, in which the parties were divorced by a judgment dated June 26, 1992, the defendant former husband appeals (1) from an order of the Supreme Court, Nassau County (McCabe, J.), dated September 16, 1992, which granted his request for a downward modification in child support retroactive only to September 10, 1992, and, (2) as limited by his brief, from so much of a judgment of the same court dated September 11, 1992, as directed him to pay child support arrears in the sum of $15,312.41, and directed that the former husband's pension fund in the approximate sum of $62,000, plus interest, be held in constructive trust for the former wife.

Ordered that the order dated September 16, 1992, is modified by deleting therefrom the provision directing that the downward modification in child support is effective as of September 10, 1992, and substituting therefor a provision directing that the downward modification in child support is effective as of the date the application for downward modification in child support was made; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment dated September 11, 1992, is modified by deleting the first decretal paragraph therefrom; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to determine the date the husband made his application for a downward modification in child support, and for recalculation of child support arrears.

The parties entered into a stipulation of settlement in September 1991. The stipulation was incorporated into and did not merge with but survived the judgment of divorce granted by the court on June 26, 1992. Pertinent provisions of the stipulation and judgment included, among other things, that the former husband (1) would pay to the former wife $1,800 per month for the support of the parties' two children, and (2) would transfer to the former wife his title, ownership, and interest in a pension fund amounting to approximately $62,000.

On January 31, 1992, the former husband lost his job through no fault of his own. By order to show cause dated March 6, 1992, he applied for a downward modification in his child support obligation. After conducting a hearing, the court granted a downward modification in child support. The court made the downward modification effective as of September 10, 1992, the date of a prior order it had issued which determined that the former husband was entitled to a downward modifica-

tion, rather than making the downward modification effective as of the date of the former husband's application.

Under Domestic Relations Law § 236 (B) (9) (b), either spouse may apply to the court for an order modifying a prior award of maintenance or child support. Although there is nothing in the language of the statute that mandates that any downward modification be made retroactive, it is clear that the statutory scheme does contemplate situations where the downward modification is retroactive. For example, the statute provides that no modification shall reduce or annul "any arrears of child support which have accrued prior to the date of application". Thus, in the absence of any statutory language mandating retroactivity, it must be concluded that the issue of whether a downward modification should be made retroactive has been left to the sound discretion of the trial court (see, e.g., Rough v Kandell, 135 AD2d 700, 701 ["It is well established that the court, in its discretion, may allow a modification of a child support award to take effect as of the date of the application"]).

In the instant case, it was an improvident exercise of discretion to refuse to make the downward modification retroactive to the date of the former husband's application. Child support and maintenance are based, in part, upon the income of the spouse directed to make such payments. The trial court obviously believed that the former husband had lost his job on January 31, 1992, since it granted the former husband's application for a downward modification. Having made that finding which, in effect, determined that the former husband could not pay the amount provided for in the original stipulation and judgment due to the change in his employment status, it is obvious that the change in financial circumstances existed from the date he was discharged from his employment. It was completely inconsistent, therefore, to require the former husband to make payments in accordance with his original obligations during the pendency of the proceeding when he did not have the necessary income. Accordingly, the downward modification should have been retroactive to the date he made his application, i.e., the day he served the order to show cause dated March 6, 1992 (see, CPLR 2211).

Since the downward modification in the former husband's child support obligations is to be retroactive to the day the application for that relief was made, the matter must be remitted to the Supreme Court for a determination of the day the order to show cause was served and for a recalculation of the amount of arrears owed.

The court did not err in ordering that the former husband's pension fund be held in constructive trust for the former wife. The stipulation of settlement with respect to financial issues was entered into on September 25, 1991. Among other things, it provided that the former husband's 401-K plan which had been rolled over into an IRA account would be transferred over to the sole title and ownership of the former wife within 15 days after the entry of the judgment of divorce. Although judgment was granted in June 1992, it was not entered until October 23, 1992. While delivery of title to the pension fund was not to occur until 15 days after the entry of judgment, the ownership of that fund was effectively transferred to the former wife on the date that the stipulation was signed. From that date forward the former wife was the beneficial owner of the fund, and it was the obligation of the former husband to hold the pension fund as a constructive trust for his former wife.

The former husband's remaining contentions are without merit. Mangano, P. J., Balletta, Thompson and Goldstein, JJ., concur.