■ GEORGE E. BROWN, Appellant, v ROSE A. BROWN, Respondent. [652 NYS2d 75] —In a matrimonial action in which the parties were previously divorced, the plaintiff former husband appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered January 19, 1996, which denied his motion to amend a Qualified Domestic Relations Order of the same court dated September 23, 1994.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for entry of an amended Qualified Domestic Relations Order in accordance herewith.

As the Supreme Court indicated, the former wife was an equitable interest holder of the former husband's retirement fund. As an equitable interest holder of property held in a constructive trust (*see, Rosenberg v Rosenberg,* 215 AD2d 365), the former wife must share in any losses or gains attributable to the fiduciary's investment of that property, unless the investment decisions are imprudent (*see, Matter of Lincoln Trust Bank,* 223 AD2d 20; *Matter of Wood,* 177 AD2d 161). Since there is no claim that the former husband's investment decisions were imprudent, the Qualified Domestic Relations Order

must be amended to allocate equally between the parties the losses and/or gains resulting from those investment decisions while he acted as a fiduciary for the constructive trust. Goldstein, J. P., Florio, McGinity and Luciano, JJ., concur.