◼ In the Matter of DERRICK HANNA et al., Respondents, v JASON TURNER et al., Appellants. [735 NYS2d 513] —Order, Supreme Court, New York County (Emily Goodman, J.), entered June 21, 2001, which, to the extent appealed from as limited by the brief, adjudged respondent municipal officials to be in civil contempt for disobeying an order and judgment, same court and Justice, entered in this proceeding on November 15, 1999, by failing to provide the intervening petitioners with same-day placement in medically appropriate transitional housing, and directed respondents to pay each such petitioner the amount of $250 per night for each violation affecting that petitioner, as a sanction for contempt pursuant to Judiciary Law § 773, unanimously modified, on the law, to vacate the finding of contempt based on the incident involving intervening petitioner Stephen McCarrol in or about early March 2001, and otherwise affirmed, without costs.

The judgment in this proceeding directs respondent municipal officials to "immediately provide * * * all eligible [homeless] persons with clinical/symptomatic HIV illness or AIDS who request transitional housing from DASIS [the Division of AIDS Services Income Support of the City of New York's Human Resources Administration] with same-day placement (i.e., placement on the calendar day of the request) in medically appropriate transitional housing in compliance with Section 21-128 (b) of the New York City Administrative Code." The order appealed from held respondents in contempt based on alleged incidents in which DASIS failed to provide such same-day placement to the 17 intervening petitioners, all homeless

persons with AIDS or HIV-related illness. Respondents attribute any failure to place the intervening petitioners in appropriate housing to an unanticipated increase in demand for such housing that occurred subsequent to the judgment. This allegedly has forced the agency to attempt to place eligible persons in commercial hotels, which often refuse to admit these individuals, even after a reservation has been made.

Contrary to respondents' arguments, there was no requirement that the finding of contempt be supported by a finding that, not only had the judgment been violated in specific instances, but that there had been no substantial compliance therewith (see, McCain v Dinkins, 84 NY2d 216, 222-223, 226-228, affg as mod 192 AD2d 217, 219; cf., Matter of Lamboy v Gross, 126 AD2d 265, 270-271). Insofar as respondents admit to most of the violations of the judgment alleged by the intervening petitioners, they were properly held in civil contempt. As to the other alleged violations, we find that the motion court correctly found that respondents' submissions, which were not probative of whether any placement actually occurred, failed to raise a triable issue of fact. However, we modify as indicated to vacate the finding of contempt based on one incident in which the intervenor ultimately was placed in appropriate housing for the night in question, notwithstanding that he was given the name of the wrong hotel. We note that, although the motion court erroneously held respondents in contempt for this incident, it did not impose any fine in that connection.

In view of all of the circumstances, the motion court did not err in failing to hold an evidentiary hearing, which respondents did not request in any event. Concur—Rosenberger, J. P., Ellerin, Wallach, Rubin and Marlow, JJ.