DAVID B. MESSINGER, Appellant, v LORI MESSINGER, Respondent. [809 NYS2d 83]—

In a matrimonial action in which the parties were divorced by judgment dated April 12, 2002, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Dillon, J.), entered January 31, 2005, as granted the motion of the defendant former wife for an award of an attorney's fee to the extent of awarding her (1) an attorney's fee in the sum of $50,000 for legal services previously provided to her, and (2) 100% of a prospective attorney's fee to be incurred in connection with a future hearing on his motion to terminate maintenance.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to award the defendant 100% of a prospective attorney's fee to be incurred in connection with a future hearing and substituting therefor a provision denying that branch of the motion without prejudice to renewal upon a showing of the attorney's fee actually incurred or reasonably anticipated to be incurred in

connection with the future maintenance termination hearing, so as to facilitate an award in a specific dollar amount; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly awarded an attorney's fee to the defendant without conducting an evidentiary hearing. The record demonstrates that the plaintiff neither objected to the court's decision to resolve the motion for an award of an attorney's fee on the papers submitted, nor requested an evidentiary hearing on the issue. Accordingly, the plaintiff waived his right to a hearing on the matter (*see Bengard v Bengard,* 5 AD3d 340 [2004]; *Roshevsky v Roshevsky,* 267 AD2d 293 [1999]; *Matter of Zirkind v Zirkind,* 218 AD2d 745 [1995]; *Rosenberg v Rosenberg,* 155 AD2d 428 [1989]).

In light of the parties' respective financial circumstances and the other evidence in the record, the Supreme Court's award of a counsel fee in the amount of $50,000 to the defendant for past legal services was a provident exercise of discretion (*see Weiss v Weiss,* 213 AD2d 542 [1995]; *Merzon v Merzon,* 210 AD2d 462 [1994]).

However, the award to the defendant of 100% of a prospective attorney's fee to be incurred in connection with a future hearing was improper. Under the circumstances presented, the court should have denied that branch of the defendant's motion which was for that relief without prejudice to renewal upon a showing of the attorney's fee actually incurred or reasonably anticipated to be incurred in connection with the future maintenance termination hearing, so as to facilitate an award in a specific dollar amount (*see e.g.* Domestic Relations Law § 237 [b]; *Feinstein v Merdinger,* 305 AD2d 115 [2003]; *LeRoy v LeRoy,* 276 AD2d 442 [2000]; *Avedon v Avedon,* 270 AD2d 65 [2000]). Crane, J.P., Mastro, Fisher and Lunn, JJ., concur.