■ JUDITH BANDLER, Appellant, v BRIAN BANDLER, Respondent. [874 NYS2d 141]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Lubell, J.), dated September 26, 2007, as granted that branch of the defendant's motion which was to modify a previous order of pendente lite support, dated August 16, 2006, which directed him to make unallocated support payments to the plaintiff in the sum of $8,500 per month, to the extent of directing the defendant to make timely payment of the mortgage on the marital home, and related expenses, directly to the relevant payees.

Ordered that the order is affirmed insofar as appealed from, with costs.

In an order dated August 16, 2006, the Supreme Court directed the defendant to pay the plaintiff the sum of $8,500 per month in unallocated pendente lite support. The order itself and the hearing on which it was based make it clear that the plaintiff was to use a portion of the child support to pay the mortgage on the marital home, and related expenses.

Here, the defendant submitted evidence that the mortgage on the marital home was four months in default, and that the parties' home equity line of credit account was past due. Further, he submitted an invoice from Con Edison, stating that the electric bill for the home had not been paid. He also submitted copies of checks he sent to the parties' bank in order to cure the default and avoid foreclosure. The plaintiff failed to dispute the defendant's evidence, and waived any right to an evidentiary hearing (*see Messinger v Messinger*, 24 AD3d 631, 632 [2005]; *Rosenberg v Rosenberg*, 155 AD2d 428, 432 [1989]).

Accordingly, the Supreme Court providently exercised its discretion in modifying the August 16, 2006, pendente lite order to the extent of directing the defendant to make timely payment of the mortgage on the marital home, and related expenses, directly to the relevant payees. Fisher, J.P., Miller, Carni and Balkin, JJ., concur.