■ PAMELA J. LAPE, Respondent, v DANIEL E. LAPE, Appellant. [886 NYS2d 274]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered November 19, 2009 in a divorce action. The order, inter alia, directed the parties to sell the marital residence.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the directive that

the parties shall be equally and jointly responsible for the expenses associated with the marital residence after October 1, 2007 and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from a postjudgment order in this divorce action that, inter alia, granted that part of plaintiff's cross motion seeking an order directing the parties to sell the marital residence and to divide the net sale proceeds equally. In addition, Supreme Court directed that the parties shall be equally and jointly responsible for the expenses associated with the marital residence after October 1, 2007. We reject defendant's contention that the court erred in ordering the sale of the marital residence. According to the parties' stipulation, which was incorporated but not merged into the judgment of divorce, plaintiff was required to refinance the parties' home equity loan in her own name and to pay defendant a $40,000 distributive award within 90 days of the date on which the parties entered into the stipulation. The stipulation further provided that, in the event that plaintiff was unable to do so despite her good faith efforts, the marital residence was to be sold and the net sale proceeds were to be equally divided. The record establishes that plaintiff made a good faith effort to refinance the home equity loan but was unable to complete that refinancing within the 90-day period set forth in the stipulation because of a previously unknown title problem. Thus, pursuant to the clear terms of the stipulation, the parties were required to sell the marital residence.

We agree with defendant, however, that the court erred in directing that the parties shall be equally and jointly responsible for the expenses associated with the marital residence after October 1, 2007, and we therefore modify the order accordingly. The stipulation provided that defendant would be responsible for one half of such expenses only until he moved out of the marital residence. Because the parties' stipulation is an independent contract subject to the principles of contract law and the terms of the stipulation are unambiguous (*see Hannigan v Hannigan*, 50 AD3d 957, 957-958 [2008]; *Stevens v Stevens*, 11 AD3d 791, 792 [2004]), we conclude that the court erred in fashioning a remedy outside the four corners of the stipulation (*see generally Kosnac v Kosnac*, 60 AD3d 636, 637 [2009]; *Ross v Ross*, 16 AD3d 713, 714 [2005]). Present—Scudder, P.J., Martoche, Peradotto, Carni and Gorski, JJ.