■ JAMES B. RUBIN, Respondent, v GUADALUPE G. RUBIN, Appellant. [935 NYS2d 610]—

The plaintiff former husband and the defendant former wife entered into a stipulation of settlement on September 1, 2004, which provided, inter alia, that the plaintiff had an individual retirement account (hereinafter IRA) in which there were securities valued, as set forth in the plaintiff's then-current statement of net worth, in the sum of $3,833,296, and that "as promptly as possible after the entry of the parties['] Judgment of Divorce," he was to "take all steps necessary to transfer to the Wife all of his right, title and interest in [his] IRA." The parties' judgment of divorce was subsequently entered on February 28, 2006.

In an order dated September 24, 2009, entered in connection with previous contempt proceedings commenced by the defendant, the Supreme Court directed the parties to fulfill their obligations under the stipulation of settlement, and directed the plaintiff to transfer the IRA to the defendant. However, the plaintiff did not transfer the IRA, but instead transferred to the defendant the sum of $3,833,296, the stated value of the securities held in the IRA at the time that the stipulation of settlement was executed.

Thereafter, the defendant moved, inter alia, to enforce the provision in the stipulation of settlement referable to the IRA, and argued that she was entitled to an additional $730,761.32

presently in the IRA, as the value of the IRA had increased by this amount between 2004 and 2010. In addition, the defendant sought to compel the plaintiff to provide IRA account statements from 2004 to the present, as well as an award of an attorney's fee. The Supreme Court denied the defendant's motion, but granted the plaintiff's cross motion for an award of an attorney's fee pursuant to the terms of the stipulation of settlement. The defendant appeals. We modify.

A separation agreement is a contract subject to the principles of contract construction and interpretation (*see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]). Here, the parties agreed that the plaintiff was to transfer to the defendant "all of his right, title and interest" in his IRA, not a sum equivalent to the valuation of the IRA by the plaintiff in 2004. Under the facts of this case, we agree with the defendant's contentions that she was the owner of the IRA, that the plaintiff held it for her in a constructive trust, and that the defendant was entitled to the gains as well as the initial corpus of the account (*see Brown v Brown*, 235 AD2d 383 [1997]; *Rosenberg v Rosenberg*, 215 AD2d 365 [1995]; *see also Rawlings v Rawlings*, 50 AD3d 998 [2008]). Accordingly, the plaintiff must also provide the defendant with statements relating to the account.

In light of our determination, the plaintiff may not recover an attorney's fee pursuant to the terms of the stipulation of settlement. Further, under the facts of this case, no attorney's fee shall be awarded to the defendant. Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.