# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**243**
**CA 11-02094**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.

---

FRANK M. PIACENTE, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

JANICE J. PIACENTE, DEFENDANT-RESPONDENT.

---

DONALD J. MURPHY, UTICA, FOR PLAINTIFF-APPELLANT.

WILLARD R. PRATT, III, SYLVAN BEACH, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered June 6, 2011 in a divorce action. The order directed plaintiff to pay to defendant the sum of $96,564.37, plus interest, costs and attorneys' fees.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part directing plaintiff to pay interest prior to the entry of the order and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Herkimer County, for a determination whether plaintiff's failure to transfer the remaining amount owed to defendant pursuant to the judgment of divorce was willful.

Memorandum: Plaintiff appeals from an order granting, inter alia, that part of defendant's motion seeking enforcement of the judgment of divorce insofar as it distributed certain assets. Contrary to the contention of plaintiff, the clear and unambiguous language of the parties' stipulation, which was incorporated but not merged into the judgment of divorce, provided that plaintiff would pay to defendant a total amount of $130,000 (*see generally Lape v Lape*, 66 AD3d 1405, 1406). Thus, we conclude that Supreme Court properly determined that plaintiff was required to transfer to defendant from his IRA account the amount of $96,564.37, i.e., the balance owed to her after the transfer of a joint investment account.

We reject plaintiff's further contention that the court erred in awarding defendant attorneys' fees without first conducting a hearing to determine the reasonableness of the fees. Plaintiff did not request such a hearing, and thus he waived that right (*see Bogannam v Bogannam*, 60 AD3d 985, 987). In any event, we conclude that the court properly awarded fees to defendant, "the less monied spouse," in this enforcement proceeding, inasmuch as plaintiff failed to rebut the statutory presumption that defendant is entitled to attorneys' fees (Domestic Relations Law § 237 [b]).

Finally, plaintiff contends that the court erred in ordering him to pay interest on the remaining amount owed to defendant from the date he transferred the joint account to defendant to the date of the hearing on the motion.  We are unable to determine on this record whether the court found that plaintiff's failure to transfer the funds from the IRA account was willful (*see* Domestic Relations Law § 244; *cf. Goldkranz v Goldkranz*, 82 AD3d 699, 700).  We therefore modify the order by vacating that part awarding defendant interest prior to the entry of the order, and we remit the matter to Supreme Court for a determination whether plaintiff's failure to transfer those funds was willful.

Entered:  March 16, 2012                       Frances E. Cafarell
                                               Clerk of the Court