In a matrimonial action in which the parties were divorced by judgment entered December 4, 2003, the defendant former husband appeals (1), as limited by his notice of appeal and brief, from stated portions of an order of the Supreme Court, Nassau County (Marón, J.), dated February 24, 2011, as amended by an order of the same court dated February 28, 2011, which, after a hearing, inter alia, granted that branch of the plaintiff former wife’s motion which was for reimbursement of lodging expenses in the sum of $10,752.57 and her application for an award of counsel fees in the sum of $168,880.54, (2) from an order of the same court entered March 9, 2011, which, upon the granting of that branch of the plaintiffs motion which was to allocate to the defendant 100% of the fees of the attorney for the children, directed him to pay such fees of the attorney for the children in the sum of $7,625, (3) from a money judgment of the same court dated May 5, 2011, which, upon the order dated February 24, 2011, as amended, is in favor of the plaintiff’s counsel and against him in the principal sum of $150,000, (4) from a money judgment of the same court also dated May 5, 2011, which, upon the order dated February 24, 2011, as amended, is in favor of the plaintiff and against him in the principal sum of $10,752.57, and (5) from a money judgment of the same court entered June 20, 2011, which, upon the order dated February 24, 2011, as amended, is in favor of the plaintiff’s former counsel, Robert G. Smith, and against him in the principal sum of $18,880.54.
*952 Ordered that the appeal from so much of the order dated February 24, 2011, as amended, as, after a hearing, granted that branch of the plaintiffs motion which was for reimbursement of lodging expenses in the sum of $10,752.57 and her application for an award of counsel fees in the sum of $168,880.54 is dismissed; and it is further,
Ordered that the appeal from the second money judgment dated May 5, 2011, is dismissed as abandoned; and it is further,
Ordered that the order dated February 24, 2011, as amended, is affirmed insofar as reviewed; and it is further,
Ordered that the order entered March 9, 2011, is affirmed; and it is further,
Ordered that the first money judgment dated May 5, 2011, and the money judgment entered June 20, 2011, are affirmed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff and the nonparty respondent, payable by the defendant.
The appeal from so much of the order dated February 24, 2011, as amended by an order of the same court dated February 28, 2011, as, after a hearing, granted that branch of the plaintiff former wife’s motion which was for reimbursement of lodging expenses in the sum of $10,752.57 and her application for an award of counsel fees in the sum of $168,880.54 must be dismissed, as those portions of the order were superseded by the first money judgment dated May 5, 2011, the second money judgment dated May 5, 2011, and the money judgment entered June 20, 2011 (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from those portions of the order are brought up for review and have been considered on the appeals from the money judgments (see CPLR 5501 [a] [1]).
Since the defendant former husband raises no argument in his briefs with respect to his appeal from the second money judgment dated May 5, 2011, which is in favor of the plaintiff and against him in the principal sum of $10,752.57, the appeal from that money judgment must be dismissed as abandoned (see Seaway Capital Corp. v 500 Sterling Realty Corp., 94 AD3d 856, 857 [2012]; Lutwin v Perelman, 76 AD3d 958, 961 [2010]; Chu v Pan, 72 AD3d 866, 868 [2010]).
The defendant did not object to the submission of applications for counsel fees on papers, and failed to request a hearing on the issue. Accordingly, he waived his right to a hearing on the plaintiffs request for an award of counsel fees (see Bogannam v Bogannam, 60 AD3d 985, 987 [2009]; Schwartz v Schwartz, 54 AD3d 400, 403 [2008]; Messinger v Messinger, 24 *953 AD3d 631, 632 [2005]; Sieratzki v Sieratzki, 8 AD3d 552, 554-555 [2004]). To the extent the defendant further challenges the award of counsel fees to the plaintiff former wife, such contentions are raised by the defendant for the first time on appeal and, therefore, not properly before the Court.
The defendant’s remaining contentions are without merit. Florio, J.E, Leventhal, Austin and Roman, JJ., concur.