Malika Mollah, Respondent, v Akm Mollah, Appellant. [26 NYS3d 298]—

Appeals from (1) an order of the Supreme Court, Westchester

County (Susan M. Capeci, J.), dated August 19, 2013, and (2) a judgment of that court dated October 4, 2013. The order granted the plaintiff's motion to hold the defendant in contempt for failing to comply with a provision of an order of that court dated April 30, 2013, requiring him to maintain health insurance for the parties' children, awarded the plaintiff an attorney's fee, and, in effect, denied the defendant's cross motion for sanctions against the plaintiff and her attorney. The judgment, upon the order, is in favor of the plaintiff and against the defendant in the sum of $171,120.40.

Ordered that the appeal from the order dated August 19, 2013, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order dated August 19, 2013 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

To prevail on a motion to hold a party in civil contempt, the movant is required to prove by clear and convincing evidence (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct (*see Casler v Casler*, 131 AD3d 664 [2015]; *Lundgren v Lundgren*, 127 AD3d 938 [2015]; *El-Dehdan v El-Dehdan*, 114 AD3d 4, 16 [2013], *affd* 26 NY3d 19 [2015]). Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order. A hearing is required only if the papers in opposition raise a factual dispute as to the elements of civil contempt, or the existence of a defense (*see Lundgren v Lundgren*, 127 AD3d at 940-941; *El-Dehdan v El-Dehdan*, 114 AD3d at 17).

The defendant's contention that the Supreme Court erred in granting the motion to find him in contempt of an order dated April 30, 2013 is without merit. That order contained an unequivocal mandate that the defendant maintain health insurance coverage for the parties' children, and provide documentation that such coverage was in place within 20 days of the order. There is no dispute that the defendant had

knowledge of these terms. The record shows that the defendant failed to timely comply with the order. The defendant provided no evidence that he was unable to comply with the order. Contrary to his contention, he provided no evidence that the plaintiff and her counsel were attempting to subvert any efforts on his part to comply with the order. The plaintiff was prejudiced by the defendant's failure to comply with the order. Since the defendant's opposition papers raised no factual dispute as to the elements of civil contempt, or the existence of a defense, a hearing was not required to make a finding of contempt. The fine imposed was appropriate, as it was sufficient to indemnify the plaintiff (*see* Judiciary Law § 773), was remedial in nature and effect, and was designed not to punish, but rather to compensate the plaintiff and to coerce the defendant's compliance with the court's mandate (*see Ruesch v Ruesch*, 106 AD3d 976 [2013]; *Hinkson v Daughtry-Hinkson*, 31 AD3d 608 [2006]).

The Supreme Court did not improvidently exercise its discretion in awarding the plaintiff an attorney's fee without first conducting a hearing. The defendant did not request such a hearing or object to the submission of the issue based on papers, and thus he waived that right (*see Delijani v Delijani*, 100 AD3d 951 [2012]; *Piacente v Piacente*, 93 AD3d 1189 [2012]; *Bogannam v Bogannam*, 60 AD3d 985 [2009]; *DeJesus v DeJesus*, 264 AD2d 436 [1999]). In any event, he failed to rebut the statutory presumption that the plaintiff was entitled to an attorney's fee (*see* Domestic Relations Law § 238; *Piacente v Piacente*, 93 AD3d at 1189). Under the circumstances of this case, where the plaintiff was compelled to bring a motion to enforce the terms of the order, the court providently exercised its discretion in awarding her an attorney's fee (*see D'Anna v D'Anna*, 17 AD3d 400 [2005]; *Lazansky v Lazansky*, 148 AD2d 501 [1989]). The court also providently exercised its discretion in determining the amount of the award, given the great disparity in the parties' financial condition, the relative merits of the parties' positions on the motion, and the documented time, effort, and skill of the plaintiff's counsel (*see Klepp v Klepp*, 44 AD3d 625 [2007]; *Sevdinoglou v Sevdinoglou*, 40 AD3d 959 [2007]; *Benzaken v Benzaken*, 21 AD3d 391 [2005]).

The Supreme Court also did not err in denying the defendant's cross motion for sanctions. As set forth above, there is no evidence that the plaintiff or her counsel attempted to subvert any efforts by the defendant to comply with the April 30, 2013 order. Chambers, J.P., Hall, Austin and Barros, JJ., concur.