■ DENNIS O'ROURKE, Appellant, v DENISE O'ROURKE, Respondent. [31 NYS3d 600]—

Appeal from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Marie F. McCormack, Ct. Atty. Ref.), entered February 20, 2014. The judgment of divorce, insofar as appealed from, upon an order of that court dated December 5, 2012, and upon a decision of that court dated September 30, 2013, made after a nonjury trial, directed the plaintiff to pay child support for the parties' two children and certain percentages of the children's college tuition and room and board, minus various deductions.

Ordered that the judgment of divorce is affirmed insofar as appealed from, with costs.

The parties were married in 1991 and have a son and a daughter. The plaintiff commenced this action for a divorce and ancillary relief in 2010. The defendant moved to direct the plaintiff to pay 100% of the private college expenses incurred by the parties' son and for an award of counsel fees. The plaintiff cross-moved to terminate his child support obligation with respect to the parties' son on the ground of constructive emancipation. In an order dated December 5, 2012, the Supreme Court directed the plaintiff to pay 75% of the son's private college expenses, declined to terminate his child support obligation with respect to the parties' son, and awarded the defendant counsel fees in the sum of $5,000. A judgment of divorce was entered on February 20, 2014, which, inter alia, directed that the plaintiff pay child support for both children, 15% of the children's tuition and room and board up to the cost of same at SUNY Binghamton, after deducting grants, financial aid, scholarships, and loans, and, commencing January 1, 2015, 50% of tuition and room and board up to the cost of same at SUNY Binghamton, after deducting grants, financial aid, scholarships, and loans.

Contrary to the plaintiff's contention, the Supreme Court properly determined, without a hearing, that the plaintiff's child support obligation with respect to the parties' son was not terminated on the ground of constructive emancipation. "It is fundamental public policy in New York that parents [of minor children] are responsible for their children's support until age 21" (*Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]; *see* Family Ct Act § 413; *Matter of Barlow v Barlow*, 112 AD3d 817, 818 [2013]; *Matter of Gansky v Gansky*, 103 AD3d 894, 895 [2013]; *Schulman v Schulman*, 101 AD3d 1098, 1099 [2012]). "However, under the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation may forfeit any entitlement to support. A child's mere reluctance to see a parent is not abandonment" (*Matter of Barlow v Barlow*, 112 AD3d at 818; *see Matter of Grucci v Villanti*, 108 AD3d 626 [2013]). Here, the plaintiff failed to demonstrate, prima facie, that his son refused all contact and visitation. Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross motion without a hearing (*see Marshall v Marshall*, 1 AD3d 323, 324 [2003]), and properly directed the plaintiff to pay child support for his son.

With respect to the order dated December 5, 2012, the

plaintiff argues that he should not have to pay 75% of the son's private college expenses. However, so much of the order dated December 5, 2012, as directed the plaintiff to pay 75% of the son's private college expenses was superseded by the judgment of divorce, which reallocated the parties' obligations, and, therefore, is not reviewable by this Court (*see Diaco v Diaco*, 278 AD2d 358, 359 [2000]).

Further, the Supreme Court properly granted that branch of the defendant's motion which was for an award of counsel fees in the sum of $5,000. "An award of counsel fees pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue 'is controlled by the equities and circumstances of each particular case'" (*Prichep v Prichep*, 52 AD3d 61, 64 [2008], quoting *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]; *see Fredericks v Fredericks*, 85 AD3d 1107, 1108 [2011]). Considering the financial circumstances of both parties and the circumstances of this case, the Supreme Court providently exercised its direction in granting that branch of the defendant's motion which was for an award of counsel fees in the sum of $5,000 (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Tadesse v Amanu*, 116 AD3d 1034, 1035 [2014]; *Prichep v Prichep*, 52 AD3d at 64). Contrary to the plaintiff's contention, the defendant complied with the requirements of Uniform Civil Rules for the Supreme Court and the County Court (22 NYCRR) § 202.16 (k) (3). Rivera, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.