■ JOANN CASTELLO, Respondent, v ANTHONY CASTELLO, Appellant. [40 NYS3d 564]—

Appeals by the defendant from (1) an amended order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated February 17, 2015, (2) an order of that court dated February 19, 2015, and (3) an order of that court dated September 28, 2015. The amended order dated February 17, 2015, insofar as appealed from, upon granting that branch of the defendant's motion which was, in effect, for a downward modification of his maintenance obligation and an upward modification of the plaintiff's child support obligation, directed that the downward modification of his maintenance obligation was effective only as of February 1, 2015, and failed to direct that the upward modification of the plaintiff's child support obligation was effective as of the date of the defendant's motion. The order dated February 19, 2015, granted that branch of the plaintiff's motion which was for counsel fees, and directed the defendant to pay the plaintiff counsel fees in the sum of $27,000. The order dated September 28, 2015, directed the defendant to pay the plaintiff counsel fees in the sum of $27,000 within 30 days.

Ordered that the appeal from the order dated September 28, 2015, is dismissed, without costs or disbursements; and it is further,

Ordered that the amended order dated February 17, 2015, is reversed insofar as appealed from, on the law, without costs or disbursements, and the downward modification of the defendant's maintenance obligation and the upward modification of the plaintiff's child support obligation are effective as of the date of the defendant's motion; and it is further,

Ordered that the order dated February 19, 2015, is affirmed, without costs or disbursements.

The appeal from the order dated September 28, 2015, must be dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice (*see* CPLR 5701 [a] [2]; [c]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 65 [2013]; *Wilson v Wilson*, 35 AD3d 595, 595 [2006]), and we decline to grant leave to appeal from that order.

In an amended order dated February 17, 2015, which granted that branch of the defendant's motion which was, in effect, for a downward modification of his maintenance obligation and an upward modification of the plaintiff's child support obligation, the Supreme Court should have directed that those modifications were effective as of the date of the defendant's motion (*see* Domestic Relations Law § 236 [B] [6] [a]; [9] [b]; *Miceli v Miceli*, 78 AD3d 1023 [2010]; *Rosenberg v Rosenberg*, 215 AD2d 365 [1995]).

With respect to the order dated February 19, 2015, which

granted that branch of the plaintiff's motion which was for counsel fees based upon the defendant's contempt, contrary to the defendant's contention, the Supreme Court did not err in awarding the plaintiff counsel fees without first conducting a hearing. The defendant did not request such a hearing and, thus, he waived his right to one (*see Mollah v Mollah,* 136 AD3d 992, 994 [2016]; *Delijani v Delijani,* 100 AD3d 951, 952 [2012]; *Bogannam v Bogannam,* 60 AD3d 985, 987 [2009]).

Contrary to the defendant's contention, the award of counsel fees was a provident exercise of discretion in light of the fact that the plaintiff was compelled to make a motion to enforce the terms of the parties' judgment of divorce, and the circumstances of this case, including the disparity in the parties' financial condition, the merits of the parties' positions, the history of the case, the necessity of multiple court appearances to verify payments made by the defendant to purge his contempt, and the defendant's deliberate protraction of this litigation and willful refusal to obey prior orders (*see Guzzo v Guzzo,* 110 AD3d 765, 766 [2013]; *Franco v Franco,* 97 AD3d 785, 787 [2012]; *cf. Odermatt v Odermatt,* 119 AD3d 754, 756 [2014]).

Furthermore, contrary to the defendant's contention, the affirmation submitted by the plaintiff's counsel was sufficient to establish that the legal services claimed were rendered, despite the fact that some of the services were rendered by associates of the firm (*cf. Poli v Poli,* 286 AD2d 720, 724 [2001]). Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.