■ NEIL WERNER, Appellant, v MICHELE WERNER, Respondent. [60 NYS3d 330]—

Appeal from an order of the Supreme Court, Suffolk County (Marlene L. Budd, J.), dated April 13, 2015. The order, insofar as appealed from, denied that branch of the plaintiff's cross motion which was to terminate his support obligation with respect to the parties' daughter on the ground of constructive emancipation.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly determined that his child support obligation with respect to the parties' daughter was not terminated on the ground of constructive emancipation. " 'It is fundamental public policy in New York that parents are responsible for their children's support until age 21' " (*Matter of Jurgielewicz v Johnston*, 114 AD3d 945, 945 [2014], quoting *Matter of Gold v Fisher*, 59 AD3d 443, 444 [2009]; *see* Family Ct Act § 413; *Matter of Barlow v Barlow*, 112 AD3d 817 [2013]; *Matter of Gansky v Gansky*, 103 AD3d 894 [2013]; *Schulman v Schulman*, 101 AD3d 1098 [2012]; *Matter of Glen L.S. v Deborah A.S.*, 89 AD3d 856, 857 [2011]). " 'However, under the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation may forfeit any entitlement to support. A child's . . . reluctance to see a parent is not abandonment' " (*Matter of Jurgielewicz v Johnston*, 114 AD3d at 945, quoting *Matter of Barlow v Barlow*, 112 AD3d at 818; *see Matter of Grucci v Villanti*, 108 AD3d 626 [2013]; *Schulman v Schulman*, 101 AD3d at 1099; *Matter of Turnow v Stabile*, 84 AD3d 1385 [2011]). Here, the plaintiff failed to demonstrate, prima facie, that his daughter had refused all contact and visitation. Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross motion which was to terminate his support obligation with respect to his daughter on the ground of constructive emancipation.

The plaintiff's contention that the Supreme Court should not have denied his cross motion without a hearing is without merit. The plaintiff did not request such a hearing or object to the submission of the issue based on papers, and thus, he waived that right (*see Mollah v Mollah*, 136 AD3d 992, 994 [2016]; *Bandler v Bandler*, 58 AD3d 775, 776 [2009]; *Pascazi v Pascazi*, 52 AD3d 664, 665 [2008]; *Messinger v Messinger*, 24 AD3d 631, 632 [2005]).

The plaintiff did not did not contest the amount of college expenses sought by the defendant, and therefore, he may not raise this issue for the first time on appeal (*see Wexelbaum v Jean*, 80 AD3d 756, 757 [2011]; *Willsey v Gjuraj*, 65 AD3d 1228, 1231 [2009]; *Green Apple Mgt. Corp. v Aronis*, 55 AD3d 669 [2008]). Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.