Matter of Root v Root (2018 NY Slip Op 03842)





Matter of Root v Root


2018 NY Slip Op 03842


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-01323
2016-08202
 (Docket No. F-9988-12)

[*1]In the Matter of Rhonda Root, respondent, 
v
Bradford Root, appellant.


Daniel L. Pagano, Yorktown Heights, NY, for appellant.
Rhonda Root, Scarsdale, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from two orders of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated January 13, 2016, and July 6, 2016, respectively. The order dated January 13, 2016, insofar as appealed from, denied the father's cross objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.), dated July 10, 2015, which, inter alia, after a hearing, found that he willfully violated an order of support. The order dated July 6, 2016, denied the father's objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.), dated April 5, 2016, which granted the mother's motion for an award of counsel fees, and awarded the mother counsel fees in the sum of $12,500.
ORDERED that the order dated January 13, 2016, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that order dated July 6, 2016, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the father's objection to so much of the order dated April 5, 2016, as awarded the mother counsel fees in the sum of $12,500, and substituting therefor a provision granting that objection to the extent of reducing the counsel fees awarded from the sum of $12,500 to the sum of $7,000 and otherwise denying that objection; as so modified, the order is affirmed, without costs or disbursements.
The parties were married in 1992, and have two children together. They were divorced by judgment of divorce dated May 30, 2012. In a stipulation of settlement which was incorporated but not merged into the judgment of divorce, the parties agreed to joint custody of their children, with residential custody to the mother. Pursuant to the judgment, the father was obligated to pay the mother child support and a pro rata share of certain add-on expenses.
In April 2014, the mother filed a violation petition, alleging, inter alia, that the father had willfully failed to comply with his support obligation. After a hearing, the Support Magistrate issued an order dated July 10, 2015, in which she found, among other things, that the father willfully failed to comply with his support obligation. The father filed cross objections to the Support [*2]Magistrate's order. In an order dated January 13, 2016, the Family Court denied the father's cross objections. In an order dated April 5, 2016, the Support Magistrate awarded the mother counsel fees in the amount of $12,500. The father filed objections to the order, which the Family Court denied in an order dated July 6, 2016. The father appeals from the orders dated January 13, 2016, and July 6, 2016, respectively.
Failure to obey a lawful order of child support constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]). The burden then shifts to the respondent to present competent, credible evidence that the failure to pay support in accordance with the terms of the order was not willful, as the respondent was unable to make payments as ordered (see Matter of Powers v Powers, 86 NY2d 63, 68-69; Matter of Schad v Schad, 158 AD3d 705, 706; Matter of Rabasco v Lamar, 106 AD3d 1095, 1097). Here, the mother established, prima facie, that the father had not paid his share of certain add-on expenses as ordered, and the father failed to present evidence of his inability to pay. Accordingly, we agree with the Family Court's determination to deny the father's cross objections to so much of the order dated July 10, 2015, as found that he had committed a willful violation of an order of support.
The Support Magistrate did not err in awarding counsel fees to the mother without a hearing, as the parties agreed to submit their arguments regarding counsel fees on papers and waived an evidentiary hearing (see Delijani v Delijani, 100 AD3d 951, 952; Roshevsky v Roshevsky, 267 AD2d 293, 294). However, the amount of the award was excessive to the extent indicated herein.
The father's remaining contention is without merit.
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court