Mitarotonda v Mitarotonda (2019 NY Slip Op 02862)





Mitarotonda v Mitarotonda


2019 NY Slip Op 02862


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-11890
 (Index No. 14267/11)

[*1]AnnMarie Mitarotonda, respondent,
v
Frank Mitarotonda, appellant.


Johnson & Cohen, LLP, White Plains, NY (Maureen A. Dunn of counsel), for appellant.
McCarthy Fingar, LLP, White Plains, NY (Kathleen Donelli and Kristen Pennessi of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated September 22, 2017. The order denied, without a hearing, the defendant's motion to terminate his child support obligation with respect to the parties' two sons.
ORDERED that the order is affirmed, with costs.
The parties, who divorced in 2013, have two sons and one daughter. Pursuant to the judgment of divorce, which incorporated, but did not merge, the parties' stipulation of settlement and so-ordered parenting agreement, the defendant was obligated to pay child support for all three children. Subsequently, in December 2016, the defendant moved to terminate his child support obligation with respect to both sons on the ground of constructive emancipation. He also alleged parental alienation on the part of the plaintiff. The plaintiff opposed the motion and asked that an attorney be appointed to represent the sons. The Supreme Court appointed an attorney to represent the sons, who opposed the defendant's motion. In an order dated September 22, 2017, the court denied the defendant's motion, determining that the defendant failed to meet his burden of showing constructive emancipation or parental alienation. The defendant appeals.
It is fundamental public policy in New York that parents are responsible for their children's support until age 21 (see Family Ct Act § 413; Matter of Jurgielewicz v Johnston, 114 AD3d 945, 945; Matter of Barlow v Barlow, 112 AD3d 817, 818). Nevertheless, under the doctrine of constructive emancipation, a child of employable age who, without cause, actively abandons the noncustodial parent by refusing all contact and parental access may forfeit any entitlement to support (see Diaz v Gonzalez, 115 AD3d 904, 905; Matter of Lowe v Lowe, 67 AD3d 682, 683). However, "[a] child's . . . reluctance to see a parent is not abandonment" (Matter of Jurgielewicz v Johnston, 114 AD3d at 945 [internal quotation marks omitted]; see O'Rourke v O'Rourke, 139 AD3d 1027, 1028). " The burden of proof as to emancipation is on the party asserting it'" (Matter of Jurgielewicz v Johnston, 114 AD3d at 945, quoting Schneider v Schneider, 116 AD2d 714, 715; see Matter of Barlow v Barlow, 112 AD3d at 818).
"Child support payments may be suspended where the custodial parent unjustifiably frustrates the noncustodial parent's right of reasonable access" (Matter of Jurgielewicz v Johnston, 114 AD3d at 946 [internal quotation marks omitted]; see Matter of Rivera v Echavarria, 48 AD3d 578).
Here, we agree with the Supreme Court's determination, without a hearing, that the defendant's child support obligation with respect to the parties' two sons was not terminated on the ground of constructive emancipation or interference with parental access. The defendant did not request a hearing or object to the submission of the issues based on papers, and thus, he waived that right (see Werner v Werner, 153 AD3d 759, 760; Mollah v Mollah, 136 AD3d 992, 994; Bandler v Bandler, 58 AD3d 775, 776). In any event, the defendant failed to meet his burden of demonstrating, prima facie, that the sons refused all contact with him (see Werner v Werner, 153 AD3d at 759; O'Rourke v O'Rourke, 139 AD3d at 1028; Marshall v Marshall, 1 AD3d 323, 324), or that the plaintiff deliberately frustrated or actively interfered with his relationship with the sons (see Matter of Addimando v Huerta, 147 AD3d 750, 753; Matter of Jurgielewicz v Johnston, 114 AD3d at 946).
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court