Besosa v Besosa (2019 NY Slip Op 03759)





Besosa v Besosa


2019 NY Slip Op 03759


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-10417
 (Index No. 6889/05)

[*1]Michelle Besosa, respondent, 
v
Eric Besosa, appellant.


Susan A. DeNatale, Bayport, NY, for appellant.
Sperber & Stein, LLP, Garden City, NY (Michelle S. Stein of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated August 31, 2016. The order granted the plaintiff's cross motion for an award of counsel fees to the extent of awarding her the sum of $10,000.
ORDERED that the order is affirmed, with costs.
By judgment dated October 17, 2005, the plaintiff former wife and the defendant former husband were divorced. There are two children of the marriage. The judgment of divorce incorporated but did not merge a stipulation of settlement dated August 9, 2005. As is pertinent here, the parties agreed that they would share joint legal custody of the children, that the plaintiff would have physical custody, and that the defendant would have parental access. In November 2013, the defendant moved to modify the stipulation of settlement so as to award him sole custody of the parties' children. The plaintiff opposed the motion and cross-moved for an award of counsel fees. After the parties reached a settlement as to the defendant's motion, the Supreme Court, in an order dated August 31, 2016, granted the plaintiff's cross motion for an award of counsel fees to the extent of awarding her $10,000. The defendant appeals.
Contrary to the defendant's contention, he waived his right to a hearing on the plaintiff's cross motion for an award of counsel fees by not requesting a hearing (see Castello v Castello, 144 AD3d 729; Mollah v Mollah, 136 AD3d 992; Delijani v Delijani, 100 AD3d 951).
The Supreme Court providently exercised its discretion in granting the plaintiff's cross motion for an award of counsel fees to the extent of awarding her the sum of $10,000 (see Fishman v Solomon, 152 AD3d 570; Mollah v Mollah, 136 AD3d 992; Le v Le, 82 AD3d 846).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court