Kudla v Kudla (2019 NY Slip Op 05113)





Kudla v Kudla


2019 NY Slip Op 05113


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-01547
 (Index No. 17797/01)

[*1]Jeanette Kudla, respondent, 
v
Joseph Kudla, appellant.


Ray, Mitev & Associates, LLP, Miller Place, NY (Vesselin Mitev of counsel), for appellant.
Brian A. Picarello, Islandia, NY, for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment entered January 25, 2002, the defendant appeals from an order of the Supreme Court, Suffolk County (Cheryl A. Joseph, J.), dated January 3, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to hold the defendant in civil contempt for his failure to pay maintenance in accordance with the terms of the parties' judgment of divorce and denied the defendant's cross motion, inter alia, for a credit toward his maintenance obligation.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were divorced pursuant to a judgment of divorce entered January 25, 2002, which incorporated, but did not merge, the parties' separation agreement dated June 14, 2000. Pursuant to the separation agreement, the plaintiff was given exclusive occupancy of the former marital residence for as long as she desired. The defendant was obligated to pay both mortgages on the former marital residence, and those payments were to be deemed maintenance payable to the plaintiff. The separation agreement further provided that, upon the sale of the former marital residence, the defendant would be obligated to pay the sum of $100 per week as maintenance to the plaintiff for her lifetime. In early 2015, the defendant and his wife commenced an action seeking, inter alia, the plaintiff's eviction and ejectment from the former marital residence (hereinafter the ejectment action), which was resolved by stipulation in January 2016 (hereinafter the 2016 stipulation). Pursuant to the 2016 stipulation, the plaintiff agreed to forfeit all claims to title, ownership, or right to possess the former marital residence and to vacate the former marital residence. In December 2016, the defendant sold the former marital residence.
In July 2017, the plaintiff moved, inter alia, to hold the defendant in civil contempt for his failure to pay weekly maintenance upon the sale of the former marital residence in accordance with the judgment of divorce, and for maintenance arrears. The defendant opposed the motion, contending that the plaintiff's claim for maintenance was precluded by the doctrines of res judicata and collateral estoppel. The defendant also cross-moved, inter alia, for a credit toward his maintenance obligation. In the order appealed from, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was to hold the defendant in contempt and denied the defendant's cross motion. The defendant appeals.
"In determining whether a factual grouping constitutes a transaction for res judicata purposes, a court must apply a pragmatic test and analyze how the facts are related as to time, space, origin or motivation, whether they form a convenient trial unit, and whether treating them as a unit conforms to the parties' expectations or business understanding" (Bayer v City of New York, 115 AD3d 897, 898-899; see Xiao Yang Chen v Fischer, 6 NY3d 94, 100-101; Smith v Russell Sage Coll., 54 NY2d 185, 192-193). "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not . . . tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [emphasis omitted]; see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199).
This action is not premised upon any allegation as to the plaintiff's ownership of the former marital residence, and requires proof of a different set of facts and the application of different law from the ejectment action. Moreover, the issue of the defendant's obligation to pay the sum of $100 in weekly maintenance upon the sale of the former marital residence was not determined in the ejectment action. Under these circumstances, we agree with the Supreme Court's determination that neither res judicata nor collateral estoppel bars the plaintiff's claims in this action (see Matter of Asch, 164 AD3d 787; Specialized Realty Servs., LLC v Maikisch, 123 AD3d 801, 802-803; Coliseum Towers Assoc. v County of Nassau, 217 AD2d 387, 391-392; Jefferson Towers v Public Serv. Mut. Ins. Co., 195 AD2d 311, 313).
We agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was to hold him in civil contempt. A finding of contempt requires clear and convincing evidence that (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the movant was prejudiced by the offending conduct (see Judiciary Law § 753[A][3]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964; Matter of Halioris v Halioris, 126 AD3d 973, 974). "Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (Mollah v Mollah, 136 AD3d 992, 993; see El-Dehdan v El-Dehdan, 26 NY3d at 35; Matter of Mendoza-Pautrat v Razdan, 160 AD3d at 964). A hearing is required only where the papers in opposition raise a factual dispute as to the elements of civil contempt or the existence of a defense (see Shemtov v Shemtov, 153 AD3d 1295, 1296; Mollah v Mollah, 136 AD3d at 993).
Here, the plaintiff demonstrated that the judgment of divorce, which incorporated but did not merge the separation agreement, is a lawful order of the court and contained an unequivocal mandate that, upon the sale of the former marital residence, the defendant would pay maintenance in the sum of $100 per week to the plaintiff. The plaintiff further demonstrated that the defendant violated that unequivocal mandate, of which he was aware, by failing to pay her the sum of $100 per week in maintenance after the former marital residence was sold in late 2016 and that his failure prejudiced her right to receive maintenance. In opposition, the defendant failed to raise a factual dispute and provided no evidence that he was unable to pay his maintenance obligation. As the defendant's opposition papers failed to raise a factual dispute or a defense, a hearing was not required to make a finding of contempt (see Shemtov v Shemtov, 153 AD3d at 1296; Mollah v Mollah, 136 AD3d at 993-994).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court