People v L. G. (2025 NY Slip Op 03022)

People v L. G.

2025 NY Slip Op 03022

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Webber, J.P., Friedman, Gesmer, Rosado, Michael, JJ. 

Ind. No. 01411/20, 02118/21|Appeal No. 4384|Case No. 2024-02827|

[*1]The People of the State of New York,
v
L. G., Defendant-Respondent. Office of Mental Health, Nonparty Respondent-Appellant.

Letitia James, Attorney General, New York (Anagha Sundararajan of counsel), for appellant.
Twyla Carter, The Legal Aid Society, New York (Jennifer Hose of counsel), for respondent.

Order, Supreme Court, New York County (April A. Newbauer, J.), entered on or about March 29, 2024, which, insofar as appealed from, granted defendant's motion to hold nonparty respondent New York State Office of Mental Health (OMH) in civil contempt of defendant's order of commitment and ordered OMH to pay defendant a $1,000 fine, unanimously modified, on the law, to the extent of reducing the fine to $250, and otherwise affirmed, without costs.
The court did not abuse its discretion by concluding that defendant demonstrated by clear and convincing evidence that OMH knowingly disobeyed a lawful order clearly expressing an unequivocal mandate (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Pacific Alliance Asia Opportunity Fund L.P. v Kwok Ho Wan, 199 AD3d 423 [1st Dept 2021]). Upon the court's conclusion that defendant was not fit to proceed, the court entered an order of commitment adjudicating her an incapacitated person and committing her to the custody of OMH for care and treatment (see CPL 730.50[1]). The order directed that defendant be transferred "forthwith" to the appropriate psychiatric institution designated by OMH; thus, it contained a clear, unequivocal mandate that defendant's transfer occur "without delay, at once, promptly" (Matter of Ayers v Coughlin, 72 NY2d 346, 353 [1988]). Although the use of "forthwith" permits "certain limited flexibility," it does not provide a party discretion to obey "when it deems it prudent or appropriate to do so" (id. at 353). As the record demonstrates that OMH failed to transfer defendant to an appropriate psychiatric facility for nearly six months, the court properly found that OMH failed to comply with the clear terms of the order.
The court also did not abuse its discretion by concluding that OMH did not prove that it was impossible to comply with the court's order of commitment (see Mollah v Mollah, 136 AD3d 992, 993 [2d Dept 2016]; see also El-Dehdan, 26 NY3d at 35). Under the New York Mental Hygiene Law, OMH is responsible "for seeing that mentally ill persons are provided with care and treatment, that such care, treatment and rehabilitation is of high quality and effectiveness, and that the personal and civil rights of persons receiving care, treatment and rehabilitation are adequately protected" (Mental Hygiene Law § 7.07[c]). OMH is required to periodically undertake "an analysis of the anticipated future of the forensic psychiatric program . . . including a programmatic and fiscal review of clinical care needs for persons committed to such programs, identification of service gaps for this population, projected range of anticipated census over the next five years, and any recommendations for new service configurations" (Mental Hygiene Law § 5.07[b][2][a]).
According to OMH's submissions, OMH was well aware of the ongoing, escalating issues causing incapacitated defendants to endure extended wait times of weeks and months on Rikers Island, while waiting to be admitted to designated secure [*2]psychiatric facilities. According to OMH, when defendant was adjudicated an incapacitated person, it's secure facilities were full and had existing waiting lists; over 60 people were ahead of defendant awaiting transfer to Mid-Hudson Forensic Psychiatric Center (Mid-Hudson). Thus, the evidence proffered by OMH established that this was a longstanding problem to which OMH was statutorily obligated to pursue solutions. Therefore, despite the asserted infeasibility of obedience, OMH was "justifiably held in contempt" for its failure to comply with the order (see McCain v Dinkins, 84 NY2d 216, 226 [1994]; Hanna v Turner, 289 AD2d 182, 182-183 [1st Dept 2001]).
Although the court providently exercised its discretion in imposing a fine (see Judiciary Law § 753), defendant did not provide evidence quantifying the losses or injuries she suffered as a result of the six-month delay in transferring her to Mid-Hudson, so she was entitled to recover only her costs and expenses in proving the contempt and a fine of $250 for OMH's contumacious act (see Judiciary Law § 773; see alsoState of New York v Unique Ideas, Inc., 44 NY2d 345, 350 [1978]). Accordingly, we reduce the fine to $250.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2025