■ LISA LUNDGREN, Respondent, v SHAWN LUNDGREN, Appellant. [7 NYS3d 393]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Queens County (Esposito, J.), dated January 23, 2012, as granted the plaintiff's motion for pendente lite relief to the extent of directing him to pay temporary maintenance in the sum of $1,298 per month and temporary child support in the sum of $1,119 per month, retroactive to February 10, 2011, and directing that he would be responsible for paying 62% of all health insurance premiums, unreimbursed medical expenses, child care expenses, and other statutory add-ons, and (2) an order of the same court dated April 3, 2013, as, without a hearing, granted those branches of the plaintiff's motion which were to hold him in civil contempt for failing to comply with the order dated January 23, 2012, and for an award of counsel fees in the sum of $3,000.

Ordered that the order dated January 23, 2012, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated April 3, 2013, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

In November 2010, the plaintiff commenced this action for a divorce, and, on February 10, 2011, moved, inter alia, for an award of temporary maintenance and child support. In an order dated January 23, 2012, the Supreme Court granted those branches of the motion. That order directed the defendant to pay temporary maintenance in the sum of $1,298 per month and temporary child support in the sum of $1,119 per month, retroactive to February 10, 2011, and directed that the defendant would be responsible for paying 62% of all health insurance premiums, unreimbursed medical expenses, child care expenses, and other statutory add-ons.

In May 2012, the plaintiff moved, inter alia, to hold the defendant in civil contempt for violating the order dated January 23, 2012, by failing to pay temporary maintenance and child support. In an order dated April 3, 2013, the Supreme Court, without a hearing, held the defendant in civil contempt for failing to comply with the prior order, and awarded the plaintiff counsel fees incurred in connection with the motion in the amount of $3,000.

Upon correctly applying the applicable statutory formula to determine a "guideline amount of temporary maintenance" (Domestic Relations Law § 236 [B] [5-a] [b] [6]; [c]; see Domestic Relations Law § 236 [B] [5-a] [c] [1]), the Supreme Court

properly directed the defendant to pay the "presumptive award of temporary maintenance" (Domestic Relations Law § 236 [B] [5-a] [e] [1]). Contrary to the defendant's contention, the presumptive award of temporary maintenance was not, under the circumstances presented here, unjust or inappropriate (*see* Domestic Relations Law § 236 [B] [5-a] [e] [1]). Moreover, since the court awarded the presumptive amount of temporary maintenance, calculated based upon income that did not exceed the specified income cap, the court was not required to set forth the factors it considered and the reason for its decision (*cf.* Domestic Relations Law § 236 [B] [5-a] [c] [2] [b]; [e] [2]).

The Supreme Court providently exercised its discretion in fixing the amount of temporary child support to be paid by the defendant. In so doing, the court providently exercised its discretion in applying the standards and guidelines set forth in the Child Support Standards Act (Domestic Relations Law § 240 [1-b] [hereinafter the CSSA]) (*see Vistocco v Jardine*, 116 AD3d 842, 843 [2014]; *Davydova v Sasonov*, 109 AD3d 955, 957 [2013]), and adopted the defendant's own calculations, which correctly set forth his basic child support obligation based on the CSSA guidelines (*see* Domestic Relations Law § 240 [1-b] [c]). Contrary to the defendant's current contentions, those calculations were not based upon any imputed income, and properly accounted for the award to the plaintiff of temporary maintenance (*see* Domestic Relations Law § 240 [1-b] [b] [5]). Moreover, the court properly concluded that the defendant's pro-rata share of the basic child support obligation was not unjust or inappropriate (*see* Domestic Relations Law § 240 [1-b] [f]). In any event, "[a]ny perceived inequity" in the award of temporary child support "can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored" (*Vistocco v Jardine*, 116 AD3d at 843; *see Swickle v Swickle*, 47 AD3d 704 [2008]).

Accordingly, we affirm the order dated January 23, 2012.

However, the Supreme Court erred in holding the defendant in civil contempt for failing to comply with the order dated January 23, 2012, without a hearing. To prevail on a motion to hold a party in civil contempt, the movant is required to prove by clear and convincing evidence " '(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct' " (*El-Dehdan v El-Dehdan*, 114 AD3d 4, 14 [2013], quoting *Bernard-Cadet v Gobin*, 94 AD3d 1030, 1031 [2012]). "Once the movant establishes a

knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (*El-Dehdan v El-Dehdan*, 114 AD3d at 17). A hearing is required "if the papers in opposition raise a factual dispute as to the elements of civil contempt, or the existence of a defense" (*id.*; *see Coyle v Coyle*, 63 AD3d 657, 658 [2009]; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1073, 1074 [2008]).

Here, the plaintiff's motion papers demonstrated the defendant's knowing failure to comply with a clear and unequivocal mandate. However, the defendant's affidavit in opposition contained sufficiently detailed averments of his inability to work due to medical impairments, so as to raise a factual dispute as to the existence of a defense, which had to be resolved at a hearing (*see Coyle v Coyle*, 63 AD3d at 658; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d at 1074).

Moreover, as there is no evidence in the record which would establish that the Supreme Court informed the defendant of his right to the assistance of counsel in connection with the contempt proceedings (*see* Judiciary Law § 770; *Matter of Bader v Hazzis*, 77 AD3d 742 [2010]), the defendant must be fully advised of his right to counsel, and his right to appointed counsel must be adequately explored, with counsel to be provided if appropriate (*see Matter of Bader v Hazzis*, 77 AD3d 742 [2010]).

The defendant's remaining contentions are without merit.

Accordingly, we reverse so much of the order dated April 3, 2013, as granted those branches of the plaintiff's motion which were to hold the defendant in civil contempt and for a related award of counsel fees, and remit the matter to the Supreme Court, Queens County, for a hearing on those branches of the motion. Skelos, J.P., Hall, Maltese and LaSalle, JJ., concur.