In the Matter of JOELLE SAVAS, Respondent, v DANIEL JOSEPH BRUEN, Appellant. [30 NYS3d 673]—

Appeal from an order of the Supreme Court, Rockland County (IDV part) (Victor J. Alfieri, Jr., J.), dated June 17, 2015. The order granted the petition, in effect, to hold the appellant in civil contempt of court for failure to participate in a batterer's education program and pay the costs thereof and to pay $7,500 in attorney's fees to the attorney for the petitioner in monthly installments of $312.50 in accordance with the terms of an order of protection of that court dated December 17, 2014, and directed that the appellant be incarcerated unless he purged himself of his contempt by attending an enrollment interview for the batterer's education program and paying $937.50 to the petitioner's attorney on or before July 17, 2015.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a hearing to determine whether the appellant had the financial ability to comply with the order of protection.

"To find a party in civil contempt of court pursuant to Judiciary Law § 753, the applicant must demonstrate, by clear and convincing evidence, (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct" (Matter of McNelis v Carrington, 116 AD3d 858, 859 [2014] [internal quotation marks omitted]; see Judiciary Law § 753 [A] [3]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; McCain v Dinkins, 84 NY2d 216, 226 [1994]). "Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (Lundgren v Lundgren, 127 AD3d 938, 940-941 [2015] [internal quotation marks omitted]; see El-Dehdan v El-Dehdan, 26 NY3d at 36; Yeager v Yeager, 38 AD3d

534 [2007]). "A hearing is required 'if the papers in opposition raise a factual dispute as to the elements of civil contempt, or the existence of a defense' " (*Lundgren v Lundgren*, 127 AD3d at 941, quoting *El-Dehdan v El-Dehdan*, 114 AD3d 4, 17 [2013], *affd* 26 NY3d 19 [2015]; *see Coyle v Coyle*, 63 AD3d 657 [2009]; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1073 [2008]).

Here, although the appellant belatedly began to comply with the direction in an order of protection dated December 17, 2014, that he participate in a batterer's education program and pay the costs thereof, the petitioner demonstrated that the appellant knowingly failed to comply with a clear and unequivocal mandate in that order of protection, that he pay attorney's fees to her attorney in monthly installments of $312.50, and that she was prejudiced thereby. In opposition to the petition, the appellant argued that he was unable to make the monthly payments and proffered documentation of his public assistance benefits and a letter from a psychiatrist stating that he was unable to work due to severe anxiety. The documentation from the psychiatrist was sufficient to raise a factual dispute as to the existence of the defense of an inability to pay, which required a hearing (*see Lundgren v Lundgren*, 127 AD3d at 941; *Kovach v Hurlburt*, 267 AD2d 824, 825 [1999]). Accordingly, we reverse the order and remit the matter to the Supreme Court, Rockland County, for a hearing to determine whether the appellant had the financial ability to comply with the order of protection (*see Lundgren v Lundgren*, 127 AD3d at 941; *compare Matter of Kainth v Kainth*, 36 AD3d 915 [2007], *with Matter of Freedman v Horike*, 26 AD3d 680, 681-682 [2006]), and a new determination on the petition thereafter. Rivera, J.P., Balkin, Barros and Connolly, JJ., concur.