■ In the Matter of CLAIRE S. ALBERTSON FITZGERALD, Deceased. PUBLIC ADMINISTRATOR OF COUNTY OF WESTCHESTER, Respondent; ANTHONY RAHMANAN, Appellant. [41 NYS3d 271]—

In a proceeding pursuant to SCPA 606 and 607 to hold Anthony Rahmanan in civil contempt, Anthony Rahmanan appeals from an order of the Surrogate's Court, Westchester County (Scarpino, Jr., S.), dated August 21, 2014, which

granted the petitioner's motion for summary judgment on the petition.

Ordered that the order is affirmed, with costs.

To find a party in civil contempt of court, the movant must demonstrate, by clear and convincing evidence, (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation (*see El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]; *Thimm v Thimm*, 137 AD3d 775, 776 [2016]). Once the party moving to hold another party in civil contempt establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order (*see Mollah v Mollah*, 136 AD3d 992, 993 [2016]). A hearing is required only if the papers in opposition raise a factual dispute as to the elements of civil contempt, or the existence of a defense (*see Matter of Savas v Bruen*, 139 AD3d 736, 737 [2016]).

Here, the petitioner, the current trustee of the testamentary trust of Claire S. Albertson Fitzgerald, deceased, commenced this proceeding to hold the appellant, a former trustee of the trust, in civil contempt for failure to comply with an order of the Surrogate's Court dated March 29, 2013. In support of its motion for summary judgment on the petition, the petitioner demonstrated, prima facie, that the appellant knowingly failed to comply with a clear and unequivocal mandate in the order dated March 29, 2013, which directed him to pay a surcharge in the sum of $624,933.57 to the trust, and that the petitioner was prejudiced thereby. Further, pursuant to Surrogate's Court Procedure Act § 602, the March 29, 2013, order is presumptive evidence that the appellant had sufficient assets to pay the surcharge. In opposition, the appellant's vague and conclusory allegations, supported only by incomplete documentation, failed to raise a factual dispute as to the existence of the defense of an inability to pay (*see El-Dehdan v El-Dehdan*, 26 NY3d at 36; *Ovsanikow v Ovsanikow*, 224 AD2d 786, 787 [1996]; *Farkas v Farkas*, 209 AD2d 316, 317-318 [1994]; *Bowie v Bowie*, 182 AD2d 1049, 1050-1051 [1992]).

Accordingly, the Surrogate's Court properly granted the petitioner's motion for summary judgment on the petition to hold the appellant in civil contempt for failure to comply with the order dated March 29, 2013. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.