■ MARIA-LETICIA OSSA DAZA, Respondent, v JUAN CARLOS TORRES LECLERC, Appellant. [54 NYS3d 858]—

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered January 26, 2017, which, to the extent appealed from, granted defendant's application for pendente lite relief only to the extent of awarding him temporary spousal maintenance of $10,100 per month and child support of $1,405.62 per month and directing plaintiff to bear 70% of the child's add-on expenses, unanimously affirmed, without costs.

Defendant failed to show either that the motion court failed properly to apply the formulas or to consider the factors set forth in the version of Domestic Relations Law § 236 (B) (5-a) applicable to this case, which was commenced in March 2015, or that there are exigent circumstances warranting reversal of the temporary maintenance award (*see Aron v Aron*, 216 AD2d 98 [1st Dept 1995]). Defendant contends that the amounts are insufficient to meet his reasonable living expenses at a level consistent with the parties' pre-separation standard of living, but he offered no documentation of those expenses, did not identify any expenses that he had not been, or would not be, able to pay, and offered no rebuttal to plaintiff's claim that some of his expenses appear to have been inflated for litigation purposes (*see Hearst v Hearst*, 29 AD3d 395 [1st Dept 2006]). To the extent this temporary award is inadequate, the proper remedy is a speedy trial (*Turret v Turret*, 147 AD3d 467 [1st Dept 2017]).

Similarly, we decline to disturb the award of temporary child support. Defendant, failed to identify any child-related expense that he had not been, or would not be, able to pay as a result of the award (*see Matter of Vladlena B. v Mathias G.*, 52 AD3d 431 [1st Dept 2008]; Domestic Relations Law § 240 [1-b]).

The court properly pro-rated the child's add-on expenses. Again, defendant failed to identify any expenses that he had not been, or would not be, able to pay. Moreover, the court properly took into account the temporary maintenance awarded (*see Lundgren v Lundgren*, 127 AD3d 938 [2d Dept 2015]). Given the temporary nature of the award, defendant's obligations are not, as he claims, "open-ended" (*cf. Kosovsky v Zahl*, 272 AD2d 59 [1st Dept 2000] [limiting an obligation for all potential add-on expenses in an award that was not by definition temporary]).

The court properly declined to require plaintiff to guaranty a

renewal lease on the three-bedroom marital residence, where defendant continues to reside, in light of her willingness to guaranty a lease on another apartment for up to $5,000 in monthly rent.

We decline to disturb the court's deferral of defendant's application for interim counsel fees until such time as defendant retains substitute counsel.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Richter, Manzanet-Daniels, Mazzarelli and Gische, JJ.