Appeal from an order of the Supreme Court, Nassau County (Edward A. Marón, J.), dated June 30, 2015. The order, insofar as appealed from, in effect, granted that branch of the plaintiff’s motion which was to hold the defendant in civil contempt for his failure to comply with a prior order directing him to pay, inter alia, pendente lite child support and maintenance.
 

 Ordered that the order dated June 30, 2015, is affirmed insofar as appealed from, without costs or disbursements.
 

 In this action for a divorce and ancillary relief, the Supreme Court directed the defendant to pay, inter alia, temporary child support and maintenance to the plaintiff in an order dated November 7, 2014 (hereinafter the pendente lite order). It is undisputed that the defendant failed to pay in accordance with the pendente lite order. The plaintiff moved by order to show cause, inter alia, to hold the defendant in civil contempt for failing to comply with the pendente lite order. In an order dated June 30, 2015, the court, in effect, granted that branch of the plaintiff’s motion. The defendant appeals from that order, arguing that the court erred in granting that branch of the motion without conducting a hearing on his defense of an inability to pay.
 

 A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court (see Cassarino v Cassarino, 149 AD3d 689, 690 [2017]; Matter of Hughes v Kameneva, 96 AD3d 845, 846 [2012]; Chambers v Old Stone Hill Rd. Assoc., 66 AD3d 944, 946 [2009]). To prevail on a motion to hold a party in civil contempt, the movant must establish by clear and convincing evidence (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court’s order, and (4) prejudice to the right of a party to the litigation (see Judiciary Law § 753 [A] [3]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Matter of Fitzgerald, 144 AD3d 906, 907 [2016]). Once the moving party makes this showing, the burden shifts to the alleged contemnor to refute the movant’s showing, or to offer evidence of a defense, such as an inability to comply with the order (see El-Dehdan v El-Dehdan, 26 NY3d at 35; Matter of Fitzgerald, 144 AD3d at 907; Mollah v Mollah, 136 AD3d 992, 993 [2016]; Lundgren v Lundgren, 127 AD3d 938, 940-941 [2015]). A hearing is required only if the papers in opposition raise a factual dispute as to the elements of civil contempt, or the existence of a defense (see Matter of Fitzgerald, 144 AD3d at 907; Matter of Savas v Bruen, 139 AD3d 736, 737 [2016]; El-Dehdan v El-Dehdan, 114 AD3d 4, 17 [2013], affd 26 NY3d 19 [2015]).
 

 Contrary to the defendant’s contention, the Supreme Court did not err by, in effect, granting that branch of the plaintiff’s motion which was to hold him in civil contempt without first conducting a hearing on the defense of an inability to pay. The defendant’s papers submitted in opposition failed to raise a factual dispute warranting a hearing (see Jaffe v Jaffe, 44 AD3d 825, 826 [2007]; Bowie v Bowie, 182 AD2d 1049, 1050-1051 [1992]; cf. Matter of Savas v Bruen, 139 AD3d at 737; Lundgren v Lundgren, 127 AD3d at 941).
 

 Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.