Appeals from an order, an order and judgment, and an order of commitment of the Supreme Court, Rockland County (IDV Part) (Victor J. Alfieri, Jr., J.), all dated August 9, 2016. The order directed the appellant to appear on a date certain for further proceedings. The order and judgment, after a hearing, in effect, granted a petition to hold the appellant in civil contempt of court for failure to participate in a batterer’s education program and pay the costs thereof and to pay attorney’s fees to the attorney for the petitioner in accordance with the terms of an order of protection of that court dated December 17, 2014, fined the appellant $100, and directed that the appellant be incarcerated until he purged himself of his contempt by re-registering for the batterer’s education program and paying the sum of $6,250 to the petitioner’s attorney. The order of commitment, upon the order, directed that the appellant be committed to the Rockland County Correctional Facility for a period of 90 days unless he purged his contempt.
 

 Ordered that the appeals from the order and the order of commitment are dismissed as academic, without costs or disbursements; and it is further,
 

 Ordered that the order and judgment is affirmed, without costs or disbursements.
 

 The petitioner commenced this proceeding, in effect, to hold the appellant in civil contempt of court for failing to participate in a batterer’s education program and pay the costs thereof and to pay attorney’s fees to the attorney for the petitioner in accordance with the terms of an order of protection dated December 17, 2014. In an order dated June 17, 2015, the Supreme Court granted the petition and directed that the appellant be incarcerated unless he purged himself of his contempt within 30 days. On appeal, this Court reversed the order and remitted the matter to the Supreme Court for a hearing to determine whether the appellant had the financial ability to comply with the order of protection (see Matter of Savas v Bruen, 139 AD3d 736 [2016]). After the hearing upon remitti-tur, the Supreme Court determined that the appellant had the financial ability to comply with the order of protection. The court gave the appellant an additional 30 days to comply with the conditions of the order of protection, but he failed to do so. The court then held the appellant in contempt of court and directed that he be incarcerated until he purged himself of his contempt by paying the sum of $6,250 to the petitioner’s attorney and re-registering for the batterer’s education program. In an order of commitment, the court sentenced the appellant to 90 days in the Rockland County Correctional Facility unless he purged his contempt.
 

 The term of 90 days for which the appellant was incarcerated has expired. Therefore, the appeal from the order of commitment has been rendered academic (see Matter of Becker v Guenther, 150 AD3d 985 [2017]; Matter of Pace v Douglas, 141 AD3d 530 [2016]; Matter of Pastrana v Nazario, 138 AD3d 998 [2016]). Similarly, the appeal from the order, which merely directed the appellant to appear in court on a date certain, must be dismissed as academic, as the date certain has expired.
 

 “To find a party in civil contempt of court pursuant to Judiciary Law § 753, the applicant must demonstrate, by clear and convincing evidence, (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct” (Matter of McNelis v Carrington, 116 AD3d 858, 859 [2014] [internal quotation marks omitted]; see Judiciary Law § 753 [A] [3]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]). “Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant’s showing, or to offer evidence of a defense, such as an inability to comply with the order” (Lundgren v Lundgren, 127 AD3d 938, 940-941 [2015] [internal quotation marks omitted]; see El-Dehdan v El-Dehdan, 26 NY3d at 35-36; Yeager v Yeager, 38 AD3d 534 [2007]).
 

 Here, this Court determined on the prior appeal that the petitioner had demonstrated, by clear and convincing evidence, that the appellant knowingly failed to comply with a clear and unequivocal mandate in the December 17, 2014, order of protection that he pay attorney’s fees to the petitioner’s attorney, and that the petitioner was prejudiced thereby (see Matter of Savas v Bruen, 139 AD3d at 737). The appellant then had the burden, at the hearing on remittitur, of going forward to offer some competent, credible evidence of his inability to make the required payments (see Yeager v Yeager, 38 AD3d at 534; Matter of Kainth v Kainth, 36 AD3d 915 [2007]). Since the appellant failed to submit any medical evidence to support his claim that he was unable to work due to medical impairments, the Supreme Court properly determined that the appellant failed to meet this burden (see Matter of Vasquez v Powell, 111 AD3d 754, 755 [2013]).
 

 The appellant’s remaining contentions are either without merit or not properly before this Court.
 

 Accordingly, the finding of contempt was proper (see El-Dehdan v El-Dehdan, 26 NY3d 19 [2015]).
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.