Matter of Mendoza-Pautrat v Razdan (2018 NY Slip Op 02790)





Matter of Mendoza-Pautrat v Razdan


2018 NY Slip Op 02790


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-08216
 (Docket Nos. V-20473-09/15M, V-20474-09/15M, V-20475-09/15M, V-20476-09/15M, V-22881-09/15J, V-22882-09/15J, V-22883-09/15J, V-22884-09/15J)

[*1]In the Matter of Cecilia Mendoza-Pautrat, appellant,
v
Duman Razdan, respondent.


Carol Kahn, New York, NY, for appellant.
Maricel Gonzalez, Jamaica, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated July 7, 2016. The order, insofar as appealed from, after a hearing, dismissed that branch of the mother's amended petition which was to impose civil contempt sanctions against the father for his alleged violations of orders of custody and visitation dated October 20, 2014, and October 21, 2014.
ORDERED that the order dated July 7, 2016, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, that branch of the amended petition which was to impose civil contempt sanctions against the father is granted, and the matter is remitted to the Family Court, Queens County, to adjudicate the father in civil contempt and for the imposition of an appropriate civil contempt sanction in the nature of a fine.
The parties are the parents of four children. In orders dated October 20, 2014, and October 21, 2014 (hereinafter together the October 2014 orders), the Family Court awarded sole custody of the children to the mother, with certain visitation to the father. This Court subsequently modified the October 2014 orders with respect to the father's visitation (see Matter of Razdan v Mendoza-Pautrat, 137 AD3d 1149).
In 2015, the mother commenced this proceeding seeking, inter alia, to hold the father in contempt for his alleged violations of the October 2014 orders. The mother alleged, among other things, that the father improperly withdrew three of the children from school early on the last day of classes in June 2015, and thereafter spent one week on vacation with the children. The mother alleged that the father failed to timely provide her with notice of his planned summer vacation time with the children, and failed to allow her daily phone contact with the children during the vacation, in violation of the October 2014 orders. She further alleged that the father failed to complete certain training for parents of a child with autism, again in violation of the October 2014 orders, which required the father to attend and complete such training. Following a hearing, the Family Court, inter alia, dismissed that branch of the amended petition which was to impose civil contempt sanctions against the father, finding that any noncompliance by the father with the October 2014 orders had not been willful. The mother appeals.
A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court (see Cassarino v Cassarino, 149 AD3d 689, 690; Matter of Hughes v Kameneva, 96 AD3d 845, 846; Chambers v Old Stone Hill Rd. Assoc., 66 AD3d 944, 946). To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the movant must establish by clear and convincing evidence (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation (see Judiciary Law § 753[A][3]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Matter of Fitzgerald, 144 AD3d 906, 907). Prejudice is shown where the party's actions "were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (Matter of Figueroa-Rolon v Torres, 121 AD3d 684, 685; see Savel v Savel, 153 AD3d 872, 873). In order for contempt sanctions to be imposed pursuant to Judiciary Law § 753(A), "willfulness" need not be shown (see El-Dehdan v El-Dehdan, 26 NY3d at 33-35; Dreher v Martinez, 155 AD3d 688, 689-690). Once the movant makes the required showing, the burden shifts to the alleged contemnor to refute that showing, or to offer evidence of a defense such as an inability to comply with the order (see El-Dehdan v El-Dehdan, 26 NY3d at 35; Matter of Fitzgerald, 144 AD3d at 907; Mollah v Mollah, 136 AD3d 992, 993).
Here, the hearing record established that the father violated unequivocal mandates of the Family Court, of which he was aware, by removing the children from school and vacationing with them for a one-week period in 2015 without timely notice to the mother, failing to facilitate daily phone contact between the mother and the children during that period, and failing to complete the required parenting training. The record further demonstrates that the mother was prejudiced by those actions. Contrary to the determination of the court, a finding of willfulness was not required to establish the father's civil contempt. Accordingly, the court should have held the father in civil contempt of court pursuant to Judiciary Law § 753(A) (see Matter of Philie v Singer, 79 AD3d 1041, 1042; see also Matter of Laland v Edmond, 13 AD3d 451, 451; Matter of Barcham-Reichman v Reichman, 250 AD2d 609). We therefore remit the matter to the Family Court, Queens County, to adjudicate the father in civil contempt and for the imposition of an appropriate sanction which, under the circumstances of this case, should be in the nature of a fine.
The mother's additional contention that the father should be required to seek leave of the Family Court prior to filing any further petitions is not properly before this Court, as she did not seek such relief in her amended petition (see generally CPLR 5511; Matter of Davis v Koch, 130 AD3d 1027).
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court