Union Temple of Brooklyn v Seventeen Dev., LLC (2018 NY Slip Op 04023)





Union Temple of Brooklyn v Seventeen Dev., LLC


2018 NY Slip Op 04023


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2015-11528
2015-11684
 (Index No. 502543/14)

[*1]Union Temple of Brooklyn, respondent, 
v
Seventeen Development, LLC, et al., appellants, et al., defendants.


DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Eric J. Mandell of counsel), for appellants.
Schindler Cohen & Hochman, LLP, New York, NY (Steven R. Schindler and Emily A. Poler of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of an agreement to convey certain real property to the plaintiff, (1) the defendants Seventeen Development, LLC, Linda Greco, and Gamkref Trust appeal from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated May 19, 2015, and (2) the defendant Seventeen Development, LLC, appeals from an order of the same court dated November 12, 2015. The order dated May 19, 2015, insofar as appealed from, granted the plaintiff's motion for summary judgment on its cause of action for specific performance of an agreement obligating the defendant Seventeen Development, LLC, to convey certain real property to the plaintiff. The order dated November 12, 2015, denied the motion of the defendants Seventeen Development, LLC, Linda Greco, and Gamkref Trust for leave to renew their opposition to the plaintiff's motion for summary judgment, granted that branch of the plaintiff's motion which was to hold the defendant Seventeen Development, LLC, in contempt for failing to comply with the order dated May 19, 2015, and directed the defendant Seventeen Development, LLC, to pay a sum of money to the plaintiff for each day that it continued to fail to comply with the order dated May 19, 2015.
ORDERED that the appeal by the defendants Linda Greco and Gamkref Trust from the order dated May 19, 2015, is dismissed as abandoned; and it is further,
ORDERED that the order dated May 19, 2015, is affirmed insofar as appealed from by the defendant Seventeen Development, LLC; and it is further,
ORDERED that the order dated November 12, 2015, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In an agreement dated July 30, 2003, the plaintiff, Union Temple of Brooklyn, agreed to convey a parcel of land adjoining its temple in Brooklyn to the defendant Seventeen Development, [*2]LLC (hereinafter Seventeen), so that Seventeen could construct a residential condominium building thereon. The agreement provided that Seventeen, inter alia, would pay the plaintiff a certain sum of money and make various improvements to the plaintiff's existing temple. The agreement further provided that Seventeen would create a ground floor unit in the new condominium building to serve as new temple space, which would adjoin the plaintiff's existing temple and act as an entrance to the existing temple's offices and elevators. The agreement designated this new temple space as the "Temple Condo Unit" (hereinafter the temple condo unit) and provided that Seventeen would convey title to the temple condo unit to the plaintiff for $1, but that if conveyance of a condominium unit were not commercially reasonable, the temple condo unit would be leased to the plaintiff for 99 years or longer at the rate of $1 per year.
The plaintiff conveyed title to the parcel to Seventeen, and a condominium building with 96 residential units was erected thereon. The condominium offering plan included the temple condo unit and provided that the temple condo unit would be conveyed to the plaintiff within six months of the first unit closing. The first unit closing occurred on December 23, 2008. As of August 8, 2011, sixty-eight of the residential units had been sold, but Seventeen had not conveyed the temple condo unit to the plaintiff. By letter dated February 13, 2013, the plaintiff's president demanded that Seventeen pay all amounts necessary to satisfy outstanding liens on the temple condo unit and convey the temple condo unit to the plaintiff.
The plaintiff commenced this action in or about July 2014, seeking, inter alia, specific performance of the agreement obligating Seventeen to convey the temple condo unit to the plaintiff. The plaintiff moved for summary judgment on its specific performance cause of action, and, by order dated May 19, 2015, the Supreme Court, inter alia, granted the plaintiff's motion and directed Seventeen to clear any unpaid taxes, liens, mortgages, or other encumbrances burdening the temple condo unit and to convey the temple condo unit to the plaintiff within 60 days of service of the order. Seventeen appeals, as limited by its brief, from so much of the order dated May 19, 2015, as granted the plaintiff's motion.
On July 22, 2015, the plaintiff moved to enforce the order dated May 19, 2015, and to hold Seventeen in civil contempt pursuant to Judiciary Law § 753. On August 15, 2015, Seventeen and the defendants Linda Greco and Gamkref Trust moved for leave to renew their opposition to the plaintiff's motion for summary judgment. In an order dated November 12, 2015, the Supreme Court denied the motion for leave to renew, granted that branch of the plaintiff's motion which was to hold Seventeen in civil contempt, and directed Seventeen to pay a sum of money to the plaintiff for each day that Seventeen failed to comply with the order dated May 19, 2015. Seventeen appeals from the order dated November 12, 2015.
The Supreme Court did not err in granting the plaintiff's motion for summary judgment on the cause of action seeking specific performance of the agreement obligating Seventeen to convey the temple condo unit to the plaintiff. The plaintiff established its prima facie entitlement to specific performance by demonstrating that (1) it had substantially performed under the contract and was willing and able to perform any remaining obligations, (2) Seventeen was able to convey the property, and (3) there was no adequate remedy at law (see Lot 57 Acquisition Corp. v Yat Yar Equities Corp., 63 AD3d 1109, 1111; Backer v Bouza Falco Co., 28 AD3d 503, 505; Cheemanlall v Toolsee, 17 AD3d 392, 393; Piga v Rubin, 300 AD2d 68).
In opposition, Seventeen failed to raise a triable issue of fact. Contrary to its contention, the parties' agreement was not ambiguous (see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 13 NY3d 398, 404; Kass v Kass, 91 NY2d 554, 566), and manifests the parties' intent that Seventeen would convey the temple condo unit to the plaintiff if the conveyance of the unit was commercially reasonable, which it was. To the extent that Seventeen contends that it was impossible for it to convey the temple condo unit to the plaintiff, that defense is without merit. The alleged impossibility was not produced by an unanticipated event that could not have been foreseen or guarded against in the agreement (see Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902-903; Freedman v Hason, 155 AD3d 831, 833; Pleasant Hill Developers, Inc. v Foxwood Enters., LLC, 65 AD3d 1203, 1206). In addition, there was no evidence of bad faith by the plaintiff. Seventeen's [*3]bare allegations that the plaintiff prevented completion of the subject construction or refused in bad faith to recognize completion of the construction's constituent components are insufficient to defeat the plaintiff's motion for summary judgment (see Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281-282; Schermerhorn, LLC v Nevins Realty Corp., 76 AD3d 625, 628; Marx v American Home Assur. Co., 203 AD2d 197, 198). The granting of specific performance here was not a drastic or harsh remedy, and would not result in an injustice (see Da Silva v Musso, 53 NY2d 543, 547; Spira v Acceus, 114 AD3d 663). Therefore, the Supreme Court properly directed specific performance of the agreement obligating Seventeen to convey the temple condo unit to the plaintiff.
The Supreme Court did not improvidently exercise its discretion in denying the motion of Seventeen, Greco, and Gamkref Trust (hereinafter collectively the moving defendants) for leave to renew their opposition to the plaintiff's motion for summary judgment. As relevant here, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][3]). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Kio Seob Kim v Malwon, LLC, 155 AD3d 1017, 1018; see Fardin v 61st Woodside Assoc., 125 AD3d 593, 595; Okumus v Living Room Steak House, Inc., 112 AD3d 799, 800; Sobin v Tylutki, 59 AD3d 701, 702). Here, the moving defendants failed to present new facts not offered on the prior motion that would have changed the prior determination or a reasonable justification for the failure to present such facts on the prior motion, and thus the moving defendants' motion for leave to renew their opposition to the plaintiff's motion for summary judgment was properly denied.
Finally, the Supreme Court did not err in granting that branch of the plaintiff's motion which was to hold Seventeen in civil contempt for failing to comply with the order dated May 19, 2015. To prevail on a motion to hold a party in contempt pursuant to Judiciary Law § 753(A)(3), the movant must demonstrate by clear and convincing evidence that (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed, (3) the party to be held in contempt had knowledge of the court's order, and (4) the movant was prejudiced by the offending conduct (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; McCain v Dinkins, 84 NY2d 216, 226; Matter of Savas v Bruen, 154 AD3d 859, 860). Here, the plaintiff established by clear and convincing evidence that Seventeen failed to comply with the order dated May 19, 2015, of which it was aware, and that such conduct prejudiced the plaintiff. Contrary to Seventeen's contention, it was not necessary to show that its disobedience was deliberate or willful (see Town of Huntington v Reuschenberg, 70 AD3d 814, 815; Hinkson v Daughtry-Hinkson, 31 AD3d 608). Once the plaintiff made its prima facie showing, the burden shifted to Seventeen to refute the plaintiff's showing or to offer evidence of a defense, such as an inability to comply with the order (see El-Dehdan v El-Dehdan, 26 NY3d at 35-36; Matter of Savas v Bruen, 154 AD3d at 860; Lundgren v Lundgren, 127 AD3d 938, 941). Seventeen failed to make such a showing or to raise a factual issue warranting a hearing (see Bais Yoel Ohel Feige v Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc., 78 AD3d 626, 627; Town of Huntington v Reuschenberg, 70 AD3d at 815).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court