Cover v Cover (2019 NY Slip Op 04910)





Cover v Cover


2019 NY Slip Op 04910


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-11270
 (Index No. 19834/96)

[*1]Harry Cover, respondent, 
v
Nancy Cover, appellant.


The Sallah Law Firm, P.C., Holtsville, NY (Dean J. Sallah of counsel), for appellant.
Domenik Veraldi, Jr., Islandia, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated December 12, 2017. The order, insofar as appealed from, denied the defendant's motion to hold the plaintiff in civil contempt for failure to comply with certain provisions of a judgment of divorce of the same court entered October 28, 1998.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant were divorced by judgment entered October 28, 1998, which incorporated, but did not merge with, the parties' stipulation of settlement dated November 25, 1997. The judgment of divorce provided that the defendant shall have exclusive occupancy of the former marital residence until the earlier occurrence of one of several events, including the parties' child attaining the age of 21, upon which "the premises shall be immediately placed on the market for sale." The judgment of divorce also awarded the defendant a share of the plaintiff's Suffolk County Carpenters Union pension and directed the defendant to submit a Qualified Domestic Relations Order (hereinafter QDRO) authorizing distribution and payment from the plaintiff's pension.
After the parties' child attained the age of 21, the parties agreed that the defendant and the child would continue to reside in the former marital residence. The parties' child subsequently married and vacated the former marital residence. Shortly thereafter, the defendant vacated the former marital residence as well and told the plaintiff to place the residence on the market. The plaintiff declined to do so, citing the need for various repairs and certificates of occupancy for a deck and partially finished basement. The defendant then moved to hold the plaintiff in civil contempt for failure to comply with the provisions of the judgment of divorce pertaining to placing the former marital residence on the market for sale and to the plaintiff's pension. In an order dated December 12, 2017, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.
A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court (see Matter of Binong Xu v Sullivan, 155 AD3d 1031, 1302; Shemtov v Shemtov, 153 AD3d 1295; Cassarino v Cassarino, 149 AD3d 689, 690-691; see also Domestic Relations Law § 245; Judiciary Law § 756). To prevail on a motion to hold a party in civil contempt, the movant must establish by clear and convincing evidence (1) that a lawful order or judgment of the court was [*2]in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order or judgment was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order or judgment, and (4) prejudice to the right of a party to the litigation (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Shemtov v Shemtov, 153 AD3d at 1295). Once the moving party makes this showing, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order or judgment (see El-Dehdan v El-Dehdan, 26 NY3d at 35).
Here, the defendant failed to prove by clear and convincing evidence that the plaintiff disobeyed a clearly expressed, unequivocal mandate of the judgment of divorce. This is so with respect to the former marital residence, because the judgment of divorce contains no provision placing responsibility for selling the residence solely upon the plaintiff, and neither party exercised reasonable efforts to effectuate the sale of the residence (see O'Brien v O'Brien, 115 AD3d 720, 723-724). Further, with respect to the plaintiff's pension, the judgment of divorce placed responsibility upon the defendant, not the plaintiff, to submit a QDRO in order to effectuate payment of the defendant's share of the pension, and there is no indication in the record that the defendant fulfilled her obligation.
Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion to hold the plaintiff in civil contempt.
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court