Plotkin v Esposito-Plotkin (2023 NY Slip Op 02336)

Plotkin v Esposito-Plotkin

2023 NY Slip Op 02336

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-01608
2020-07568
 (Index No. 69813/18)

[*1]Steven Michael Plotkin, appellant,
v
Stephanie Esposito-Plotkin, respondent.

Kitson & Schuyler P.C., Croton-on-Hudson, NY (Peter Schuyler and Roseann Schuyler of counsel), for appellant.
Lieberman LeBovit, PLLC, Yorktown Heights, NY (Mitchell P. Lieberman of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated January 30, 2020, and (2) an order of the same court dated September 3, 2020. The order dated January 30, 2020, insofar as appealed from, granted that branch of the defendant's motion which was for an award of interim counsel fees to the extent of directing the plaintiff to pay interim counsel fees in the sum of $50,000 to the defendant's attorneys. The order dated September 3, 2020, insofar as appealed from, without a hearing, granted that branch of the defendant's motion which was to hold the plaintiff in criminal contempt for his failure to comply with the provisions of the order dated January 30, 2020, directing him to pay the interim counsel fees, to the extent of holding him in civil contempt.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
Shortly before their marriage in 2011, the parties executed a prenuptial agreement, which stated that the defendant had a net worth of approximately $350,000 while the plaintiff's net worth was approximately $11.5 million, primarily based upon his beneficial interests in two irrevocable trusts valued at $11 million. At the time the prenuptial agreement was executed, the plaintiff worked as a dockmaster for his father's business, while the defendant was employed as a public school teacher. The defendant stopped working in 2013 after the birth of the parties' first child. In November 2018, the plaintiff moved out of the marital home, and the defendant remained there with the parties' three children.
In December 2018, the plaintiff commenced this action for a divorce and ancillary relief. In February 2019, the parties executed a pendente lite stipulation in which the plaintiff agreed to pay for the vast majority of the defendant's and the children's living expenses, in addition to $20,000 in counsel fees to the defendant's attorneys. In October 2019, the defendant moved, inter alia, for an award of interim counsel fees in the sum of $75,000. At that point in time, the defendant had incurred approximately $50,000 in counsel fees and costs, while the plaintiff had incurred more than $100,000 in counsel fees. In an order dated January 30, 2020, the Supreme Court, among other [*2]things, granted that branch of the defendant's motion to the extent of directing the plaintiff to pay interim counsel fees to the defendant's attorneys in the sum of $50,000, in two equal installments.
The plaintiff thereafter failed to pay the fee award. In June 2020, the defendant moved, inter alia, to hold the plaintiff in criminal contempt for his failure to comply with the provisions of the order dated January 30, 2020, directing the payment of the interim counsel fees. The plaintiff opposed the motion, arguing, among other things, that he was financially unable to pay the award. By order dated September 3, 2020, the Supreme Court, inter alia, without a hearing, granted that branch of the defendant's motion to the extent of holding the plaintiff in civil contempt for his failure to pay the interim counsel fees.
The plaintiff appeals from the orders dated January 30, 2020, and September 3, 2020.
"Domestic Relations Law § 237 provides that in any action for a divorce, the court may direct either spouse to pay counsel fees directly to the attorney of the other spouse to enable the other party to carry on or defend the action as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Carlin v Carlin, 120 AD3d 734, 734 [internal quotation marks omitted]). "The purpose of an award of interim counsel fees is to ensure that the less monied spouse will be able to litigate the action on equal footing with the monied spouse" (Tomassetti v Tomassetti, 194 AD3d 882, 883 [internal quotation marks omitted]; see Prichep v Prichep, 52 AD3d 61, 65). Such a fee award "will generally be warranted where there is a significant disparity in the financial circumstances of the parties," and "[t]here is a rebuttable presumption that interim counsel fees shall be awarded to the less monied spouse" (Tomassetti v Tomassetti, 194 AD3d at 883 [internal quotation marks omitted]). An award of interim counsel fees "is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case" (id. [internal quotation marks omitted]).
Contrary to the plaintiff's contention, the Supreme Court properly determined that the plaintiff was the monied spouse. It was undisputed that the defendant stopped working after the birth of the parties' first child in 2013 and that the plaintiff thereafter supported the family, either through his employment with his father's business or through direct assistance from his parents (see Skokos v Skokos, 168 AD3d 782, 783; Kaufman v Kaufman, 131 AD3d 939, 945; Palmeri v Palmeri, 87 AD3d 572; Isaacs v Isaacs, 71 AD3d 951). Notwithstanding the plaintiff's suggestion to the contrary, the court properly considered financial assistance the plaintiff received from his parents in deciding whether he was the monied spouse (see Nosratabdi v Aroni, 198 AD3d 976, 977; Matter of Weiss v Rosenthal, 195 AD3d 730, 732; Lugo v Torres, 174 AD3d 595, 596). The plaintiff had the resources to pay far more than the defendant incurred in counsel fees, and he had a net worth that was exponentially greater than that of the defendant at the outset of the marriage.
Contrary to the plaintiff's further contentions, the defendant did not clearly violate 22 NYCRR 202.16(k)(2) by submitting an eight-month-old statement of net worth with her motion, inter alia, for interim counsel fees, nor did the Supreme Court improvidently exercise its discretion in accepting it (see Nieves-Iglesias v Iglesias, 186 AD3d 1234, 1234-1235; cf. Prochilo v Prochilo, 165 AD3d 1304, 1305). The plaintiff's contention that the defendant's statement of net worth failed to accurately describe her financial circumstances because it did not include benefits she received under the parties' pendente lite stipulation is without merit. The defendant included the pendente lite stipulation with her moving papers and, as a result, the information contained therein was before the court. Moreover, the defendant submitted "appropriate evidence" demonstrating substantial compliance with 22 NYCRR 1400.2 and 1400.3, which, among other things, require attorneys in domestic relations matters "to provide [their] client[s] with written, itemized bills at least every 60 days" (Matter of Tarpey v Tarpey, 163 AD3d 687, 688-689 [internal quotation marks omitted]).
Regarding the Supreme Court's civil contempt finding, the plaintiff does not dispute that the order dated January 30, 2020, clearly expressed an unequivocal mandate, that he disobeyed it, and that he had knowledge thereof (see Shemtov v Shemtov, 153 AD3d 1295, 1295-1296). Contrary to the plaintiff's contention, the defendant demonstrated that she was prejudiced by virtue of his failure to pay the interim fee award (see Matter of Savas v Bruen, 139 AD3d 736, 737). In [*3]opposition to the defendant's motion, the plaintiff failed to raise a material factual issue regarding his alleged inability to pay the amount due (see Shemtov v Shemtov, 153 AD3d at 1296). The evidence established that the plaintiff had access to significant financial resources through his parents, who paid the majority of his counsel fees (see Matter of Weiss v Rosenthal, 195 AD3d at 732; Lugo v Torres, 174 AD3d at 596). In the absence of such a material factual issue, the plaintiff was not entitled to an evidentiary hearing before being held in civil contempt (see Shemtov v Shemtov, 153 AD3d at 1296).
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court