Mohen v Mohen (2026 NY Slip Op 01195)

Mohen v Mohen

2026 NY Slip Op 01195

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-07046
 (Index No. 202313/04)

[*1]Joseph Mohen, respondent, 
vAnna Mohen, appellant.

Jason M. Barbara & Associates, P.C., New Hyde Park, NY, for appellant.
Agoglia, Holland & Agoglia, P.C., Jericho, NY (E. Kevin Agoglia of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated October 16, 2007, the defendant appeals from an order of the Supreme Court, Nassau County (Joseph R. Conway, J.), entered April 25, 2023. The order, after a hearing, denied those branches of the defendant's motion which were to hold the plaintiff in civil contempt for allegedly violating the provisions of a so-ordered stipulation dated August 15, 2008, pertaining to maintenance and for an award of maintenance arrears.
ORDERED that the order is affirmed, with costs.
The parties were divorced by a judgment dated October 16, 2007 (see Mohen v Mohen, 53 AD3d 471, 472). Thereafter, the parties executed a so-ordered stipulation dated August 15, 2008, which provided, inter alia, that the plaintiff was to pay the defendant $2,800 per month in spousal maintenance for a period of five years or until the defendant's death or remarriage. The defendant remarried in April 2009.
In October 2021, the defendant moved, among other things, for an award of maintenance arrears, to hold the plaintiff in civil contempt based on his alleged failure to pay maintenance, and for an award of attorney's fees. In an order entered April 25, 2023, the Supreme Court, after a hearing, denied those branches of the defendant's motion which were for an award of maintenance arrears and to hold the plaintiff in civil contempt, and, in effect, held in abeyance that branch of the motion which was for an award of attorney's fees. The defendant appeals.
The Supreme Court providently exercised its discretion in denying those branches of the defendant's motion which were for an award of maintenance arrears and to hold the plaintiff in civil contempt for failing to pay maintenance. "'The failure to obey a lawful order of a court is a species of contempt'" (Matter of DeSiena v DeSiena, 167 AD3d 1006, 1007, quoting Matter of Rubackin v Rubackin, 62 AD3d 11, 15). "A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964; see Varnit v Varnit, 233 AD3d 917, 923). "To prevail on a motion to hold a party in civil contempt, the movant must establish by clear and convincing evidence (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of [*2]the court's order, and (4) prejudice to the right of a party to the litigation" (Shemtov v Shemtov, 153 AD3d 1295, 1295-1296; see Judiciary Law § 753[A][3]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29). "'Prejudice is shown where the party's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party'" (Tedesco v Elio, 211 AD3d 1074, 1076 [internal quotation marks omitted], quoting Matter of Mendoza-Pautrat v Razdan, 160 AD3d at 964).
Here, the evidence adduced at the hearing failed to establish by clear and convincing evidence that the plaintiff did not make the required maintenance payments during the time period at issue (see Ruffino v Serio, 206 AD3d 776, 777-778). Contrary to the defendant's contention, the plaintiff did not admit to defaulting in making maintenance payments (cf. Eschemuller v Eschemuller, 167 AD3d 983, 986). To the extent that the plaintiff made maintenance payments by check rather than by direct deposit as required by the so-ordered stipulation, the defendant failed to demonstrate prejudice resulting from the alleged violation (see Varnit v Varnit, 233 AD3d at 923).
The defendant's remaining contention regarding attorney's fees is not properly before the Court (see Katz v Katz, 68 AD2d 536, 542-543).
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court