Goldsmith v Cavuoti (2026 NY Slip Op 01494)

Goldsmith v Cavuoti

2026 NY Slip Op 01494

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-11156
 (Index No. 801535/20)

[*1]Marisa Goldsmith, respondent, 
vMickey Cavuoti, appellant.

Thomas R. Villecco, New York, NY, for appellant.
Berkman Bottger Newman & Schein LLP, New York, NY (Allyson Burger of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated March 15, 2023, the defendant appeals from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered September 9, 2024. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to hold the defendant in contempt for failing to comply with the child support add-on expenses provision of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, and for an award of attorneys' fees to the extent of awarding the plaintiff attorneys' fees in the sum of $6,000.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in 2011 and have two children. The parties were divorced by a judgment dated March 15, 2023, which incorporated but did not merge the parties' stipulation of settlement. The stipulation of settlement, inter alia, required the defendant to pay child support and 60% of certain "agreed upon" add-on expenses, including summer camps.
Thereafter, the plaintiff moved, among other things, to hold the defendant in contempt for failing to comply with the add-on expenses provision of the stipulation of settlement and for an award of attorneys' fees. In an order entered September 9, 2024, the Supreme Court, inter alia, without a hearing, granted those branches of the plaintiff's motion which were to hold the defendant in contempt for failing to comply with the add-on expenses provision of the stipulation of settlement and for an award of attorneys' fees to the extent of awarding the plaintiff attorneys' fees in the sum of $6,000. The defendant appeals.
A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court (see Shemtov v Shemtov, 153 AD3d 1295, 1295). To prevail on a motion to hold a party in civil contempt, the movant must establish by clear and convincing evidence: (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate; (2) the appearance, with reasonable certainty, that the order was disobeyed; (3) that the party to be held in contempt had knowledge of the court's order; and (4) prejudice to the right of a party to the litigation (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Shemtov v Shemtov, 153 AD3d at 1295-1296). Once the moving party makes this showing, the burden shifts to the alleged contemnor to refute the [*2]movant's showing or to offer evidence of a defense, such as an inability to comply with the order (see Shemtov v Shemtov, 153 AD3d at 1296; Mollah v Mollah, 136 AD3d 992, 993). A hearing is required only if the papers in opposition raise a factual dispute as to the elements of civil contempt, or the existence of a defense (see Shemtov v Shemtov, 153 AD3d at 1296; Mollah v Mollah, 136 AD3d at 993).
Contrary to the defendant's contention, the Supreme Court did not err in granting that branch of the plaintiff's motion which was to hold the defendant in contempt for failing to comply with the add-on expenses provision of the stipulation of settlement without first conducting a hearing. The defendant's papers submitted in opposition failed to raise a factual dispute warranting a hearing (see Kudla v Kudla, 173 AD3d 1149, 1151-1152; Shemtov v Shemtov, 153 AD3d at 1296; Mollah v Mollah, 136 AD3d at 993).
Contrary to the defendant's further contention, the Supreme Court properly granted that branch of the plaintiff's motion which was for an award of attorneys' fees to the extent of awarding the plaintiff attorneys' fees in the sum of $6,000 without conducting a hearing, as the defendant failed to either request a hearing or challenge the amount demanded (see Mollah v Mollah, 136 AD3d at 994; Winter v Winter, 307 AD2d 963, 964). In any event, the defendant did not raise an issue of fact that would warrant a hearing (see Mollah v Mollah, 136 AD3d at 994).
DILLON, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court